[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 28, 2011
JOHN LEY
CLERK

_____

No. 10-15906
Non-Argument Calendar

_____

D.C. Docket No. 3:09-cr-00156-MMH-JBT-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

BURL L. BARGERON,
a.k.a. Buckshot,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(July 28, 2011)

Before TJOFLAT, CARNES and MARCUS, Circuit Judges.

PER CURIAM:

Burl Bargeron appeals his 180-month total sentence imposed after a stipulated bench trial at which he was convicted of two counts of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). At sentencing, the district court applied a 15-year statutory minimum sentence, pursuant to the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), based on Bargeron's 2003 federal conviction for conspiring to distribute methamphetamine, and two 2003 state convictions for trafficking in methamphetamine. Bargeron committed his two state trafficking offenses in furtherance of his federal conspiracy offense. On appeal, Bargeron argues that the district court erred in applying the ACCA 15-year minimum sentence because his conspiracy offense did not occur on a different occasion than his two trafficking offenses. After careful review, we affirm.

We review de novo whether an offense is a violent felony for ACCA purposes, and whether prior convictions meet the ACCA's separate offenses requirement. United States v. Sneed, 600 F.3d 1326, 1330 n.5 (11th Cir. 2010) (separate offenses); United States v. James, 430 F.3d 1150, 1153 (11th Cir. 2005) (violent felony). Even if the district court commits a sentencing error, we will not vacate a sentence if that error was harmless. See United States v. Scott, 441 F.3d 1322, 1329 (11th Cir. 2006).

A person who violates 18 U.S.C. § 922(g) is subject to a statutory minimum sentence of 15 years imprisonment if that person has three previous convictions for

a violent felony or serious drug offense, or both, and the previous offenses were committed on different occasions. 18 U.S.C. § 924(e)(1). A violent felony is a crime punishable by more than one year imprisonment, and is a burglary or involves conduct that presents a serious potential risk of physical injury to another. 18 U.S.C. § 924(e)(2)(B). A crime is a burglary under the ACCA if it has the basic elements of an unlawful or unprivileged entry into, or remaining in, a building or structure, with the intent to commit a crime. Taylor v. United States, 495 U.S. 575, 599 (1990).

Two crimes are distinct criminal episodes where some temporal break occurs between them, and the ACCA enhancement will apply if a criminal had a meaningful opportunity to desist his activity between crimes even if the crimes are committed in temporal and physical proximity to one another. United States v. Pope, 132 F.3d 684, 690 (11th Cir. 1998). Distinctions in time and place are usually sufficient to separate criminal episodes. Id. Ultimately, the successful completion of one crime plus the subsequent conscious decision to commit another crime makes the second crime distinct from the first. Id. at 692. As long as crimes are successive, and not simultaneous, they occur on different occasions for ACCA enhancement purposes. Id.

As of 1999, the state of Florida defined "burglary" as entering or remaining in a dwelling, structure, or conveyance with the intent to commit an offense therein,

unless the premises were, at the time, open to the public, or the defendant was licensed or invited to enter or remain. Fla. Stat. § 810.02(1)(a) (1998). It defined "structure" as a building of any kind that had a roof over it, as well as the curtilage thereof. Fla. Stat. § 810.011(1) (1998). At the very least, a burglary constituted a third degree felony that subjected a violator to a maximum sentence of 5 years' imprisonment. Fla. Stat. § 810.02(4) (1998); Fla. Stat. § 775.082(3)(d) (1998). A burglary of a structure's curtilage, under Florida law, presents a serious potential risk of physical injury to another. United States v. Matthews, 466 F.3d 1271, 1275-76 (11th Cir. 2006).

In this case, even if the district court erred by concluding that Bargeron's conspiracy conviction qualified as a third predicate ACCA conviction, any such error was harmless. Bargeron stipulated to a 1999 Florida conviction for burglary of a structure. Burglary of a structure, at the time of Bargeron's offense, constituted a generic burglary to the extent the crime involved a building because it criminalized the unlawful entering or remaining in a building with the intent to commit an offense therein. Compare Fla. Stat. 810.02(1)(a) (1998) with Taylor, 495 U.S. at 599. To the extent the offense involved the curtilage of a building, it involved conduct that presented a serious potential risk of physical injury to another. See Matthews, 466 F.3d at 1275-76. And at minimum, a Florida burglary offense was punishable by up

to 5 years imprisonment. See Fla. Stat. § 810.02(4) (1998); Fla. Stat. § 775.082(3)(d) (1998). Consequently, regardless of whether the offense involved a building or its curtilage, burglary of a structure qualified as a "violent felony."

Moreover, Bargeron's burglary offense occurred on a different occasion than his two trafficking offenses. It occurred at least four years prior to his trafficking offenses, giving him ample time to desist in his criminal activity. Further, a conviction for the burglary offense separated it from the trafficking offenses. Thus, the successful completion of Bargeron's burglary offense, in conjunction with his subsequent decision to commit two trafficking offenses, rendered the burglary offense a distinct criminal episode in relation to the trafficking offenses. See Pope, 132 F.3d at 692.

Finally, Bargeron does not argue on appeal that the district court erred by concluding that his two trafficking convictions qualified as ACCA predicate convictions for enhancement purposes, and has abandoned any claim of error. See United States v. Jernigan, 341 F.3d 1273, 1283 n.8 (11th Cir. 2003). Bargeron, therefore, had three qualifying prior convictions even if his conspiracy conviction is disregarded, and was subject to the ACCA 15-year statutory minimum sentence.

**AFFIRMED.**