[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 23-11100

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

BURL L. BARGERON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Georgia
D.C. Docket No. 7:22-cr-00031-WLS-TQL-1

_____

Before WILSON, LUCK, and BRASHER, Circuit Judges.

PER CURIAM:

Burl Bargeron appeals the revocation of his supervised release, contending that his underlying conviction was unconstitutional. Because Bargeron did not challenge his conviction in a motion under 28 U.S.C. § 2255, the sole vehicle for attacking his conviction's validity, we affirm.

In 2010, Bargeron was convicted of possession of a firearm as a convicted felon and sentenced to 180 months' imprisonment. Bargeron appealed his sentence without raising constitutional arguments. *See generally United States v. Bargeron*, 435 F. App'x 892 (11th Cir. 2011). In 2020, Bargeron was let out on supervised release, but he quickly violated its terms. The district court revoked Bargeron's supervised release, sentencing him to 24 months' imprisonment and 24 months of supervised release. Bargeron was released from prison on August 21, 2024. This appeal follows.

As an initial matter, we note that although Bargeron has been released from prison, his appeal is not moot. "A challenge to an imposed term of imprisonment is moot once that term has expired." *United States v. Stevens*, 997 F.3d 1307, 1310 n.1 (11th Cir. 2021) (citing *United States v. Juvenile Male*, 564 U.S. 932, 936 (2011); *United States v. Serrapio*, 754 F.3d 1312, 1317 (11th Cir. 2014)). "[B]ut where a defendant is still serving other aspects of his sentence, e.g., paying a fine or serving a term of supervised release, any appeal related to that aspect of his sentence is not moot." *Serrapio*, 754 F.3d

at 1317 (citing *Dawson v. Scott*, 50 F.3d 884, 886 n.2 (11th Cir. 1995)). Because Bargeron received a new term of supervised release at his resentencing, his attack on the underlying conviction may continue as a challenge to his current supervised release conditions.

Moving to the crux of Bargeron's appeal, we review a district court's revocation of supervised release for an abuse of discretion. *See United States v. Vandergrift*, 754 F.3d 1303, 1307 (11th Cir. 2014). The former Fifth Circuit held that "the underlying validity of a conviction cannot be asserted as a defense in a probation revocation proceeding." *United States v. Francischine*, 512 F.2d 827, 828 (5th Cir. 1975). A court "can consider a petition for revocation of probation as if the underlying conviction were unquestioned, until such time as the conviction has been judicially set aside." *Id.* "[T]he conviction's validity may be collaterally attacked only in a separate proceeding under 28 U.S.C. § 2255." *Id.* at 827. This case law binds us. *See Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc) (adopting the former Fifth Circuit's case law).

And we have recognized this principle more recently too. *See United States v. Almand*, 992 F.2d 316, 317 (11th Cir. 1993) (citations omitted) ("A sentence is presumed valid until vacated under § 2255."); *United States v. Hofierka*, 83 F.3d 357, 363 (11th Cir. 1996) (citation omitted) ("As to [the defendant's] argument that the conviction was unconstitutional, a supervised release revocation proceeding is not the proper forum in which to attack the conviction giving rise to the revocation."), *modified on reh'g*, 92 F.3d 1108 (11th Cir. 1996); *United States v. White*, 416 F.3d 1313, 1316 (11th Cir.

2005) ("[A] defendant may not challenge, for the first time on appeal from the revocation of supervised release, his sentence for the underlying offense.").

Bargeron suggests that these precedents were abrogated by *Johnson v. United States*, 529 U.S. 694 (2000), under which he asserts that "a revocation sentence is a continuation of a sentence for the underlying offense." But *Johnson* did not address the collateral attack issue raised here. *See id.*at 700–01. And *Johnson* didn't change our approach to this issue. *See White*, 416 F.3d at 1316–18 (noting the collateral attack rule to supervised release revocation proceedings while later citing *Johnson*). Indeed, *Johnson* is consistent with our rule because a revocation sentence can be a continuation of a sentence for the underlying offense only if we assume that the underlying offense and sentence were valid. Thus, Bargeron's argument fails.

**AFFIRMED**.