[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 18-10865
Non-Argument Calendar
_____

D.C. Docket No. 6:17-cr-00219-PGB-DCI-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOSE LUIS SANCHEZ-ROSADO,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(March 9, 2020)

Before WILLIAM PRYOR, LAGOA and HULL, Circuit Judges.

PER CURIAM:

Jose Sanchez-Rosado appeals his conviction that was entered on a plea of guilty to possessing a firearm as a felon and his sentence of 180 months of imprisonment. 18 U.S.C. § 922(g)(1). Sanchez-Rosado argues, for the first time, that section 922(g) is unconstitutional facially and as applied to him and that *Rehaif v. United States*, 139 S. Ct. 2191 (2019), which the Supreme Court decided while his appeal was pending, established errors in his indictment and change of plea hearing that require the vacatur of his conviction. Sanchez-Rosado also argues that the enhancement of his sentence under the Armed Career Criminal Act, 18 U.S.C. § 924(e), based on facts about prior convictions not alleged in his indictment and that were not proved to a jury violated his rights under the Fifth and Sixth Amendments; that the district court erred by relying on the dates of his prior offenses to determine whether they occurred on separate occasions; and that his three prior convictions in Florida courts for robbery did not count as predicate offenses under the Act. We affirm Sanchez-Rosado's conviction and sentence.

The district court did not plainly err by failing *sua sponte* to vacate Sanchez-Rosado's conviction based on his challenges to the constitutionality of section 922(g). Sanchez-Rosado's challenge to the facial validity of the statute is foreclosed by *United States v. Scott*, 263 F.3d 1270 (11th Cir. 2001), in which we held that "the jurisdictional element of the statute, i.e., the requirement that the felon 'possess in or affecting commerce, any firearm or ammunition,' immunizes

2

§ 922(g)(1) from [a] facial constitutional attack." *Id.* at 1273. Our precedent also holds that section 922(g)(1) is constitutional as applied to a defendant who possesses a firearm that "traveled in interstate commerce," *United States v. McAllister*, 77 F.3d 387, 390 (11th Cir. 1996), and Sanchez-Rosado admitted during his change of plea hearing that the rifle he possessed in Florida had been manufactured in Illinois.

Sanchez-Rosado is not entitled to relief from his conviction based on *Rehaif*. Although Sanchez-Rosado's indictment was defective because it failed to allege the element of his offense that he knew he was a felon, 139 S. Ct. at 2200; *see United States v. Reed*, 941 F.3d 1018, 1021 (11th Cir. 2019), the omission of a mens rea element from an indictment does not divest the district court of subject matter jurisdiction, *see United States v. Brown*, 752 F.3d 1344, 1350–51, 1353–54 (11th Cir. 2014), and Sanchez-Rosado waived the defect by pleading guilty. And although plain error occurred when Sanchez-Rosado was not informed during his change of plea hearing that he had to know that he was a felon barred from possessing a firearm, *see* Fed. R. Crim. P. 11(b)(1)(G); *Rehaif*, 139 S. Ct. at 2200, he does not even argue, much less "show a reasonable probability that, but for the error, he would not have entered [his] plea," *United States v. Moriarty*, 429 F.3d 1012, 1020 (11th Cir. 2005) (quoting *United States v. Dominguez Benitez*, 542 U.S. 74, 83 (2004)). Sanchez-Rosado's indictment alleged that he had five prior

felony convictions, he admitted during his plea colloquy that he was a felon who had not had his right to possess firearms restored, and he admitted at sentencing that he had been convicted of two robbery convictions for which he had served concurrent terms of more than 35 months in prison before possessing the rifle. And at sentencing, Sanchez-Rosado "readily admit[ted]" that, "as a convicted felon, [he] was prohibited from being in possession of a firearm." So Sanchez-Rosado cannot prove that he was prejudiced by the errors in his indictment or during his change of plea hearing.

Sanchez-Rosado's challenge to the enhancement of his sentence fails too. Sanchez-Rosado's indictment identified his prior felony offenses and the dates of his convictions, and he admitted that he was a felon who had "not received clemency for his felony conviction(s)." And Sanchez-Rosado's argument is foreclosed by precedent too. In *Almendarez–Torres v. United States*, 523 U.S. 224, 228–47 (1998), the Supreme Court held that a prior conviction "relevant only to the sentencing of an offender found guilty of the charged crime" does not have to be charged in an indictment or proven beyond a reasonable doubt to a jury, even if it increases the defendant's maximum statutory sentence. *Almendarez-Torres* remains the law until overruled by the Supreme Court, which it declined to do in *Alleyne v. United States*, 570 U.S. 99 (2013). *United States v. Harris*, 741 F.3d 1245, 1249 (11th Cir. 2014).

The district court did not err by counting Sanchez-Rosado's two robbery convictions as separate offenses. A defendant is subject to an enhanced sentence when he has three prior convictions for violent felonies or serious drug offenses that were "committed on occasions different from one another," 18 U.S.C. § 924(e)(1), such that they are "temporally distinct," *United States v. Longoria*, 874 F.3d 1278, 1281 (11th Cir. 2017). Sanchez-Rosado did not object to the statements in his presentence report that, on January 28, 2011, he robbed an RBC Bank in Ormond Beach, Florida, and on February 1, 2011, he robbed a Wachovia Bank in Deland, Florida. *See United States v. McCloud*, 818 F.3d 591, 595 (11th Cir. 2016) ("The district court may make findings of fact [regarding the nature of a prior conviction] based on undisputed statements in the PSI . . . ."). And the government introduced at sentencing copies of the charging instrument and judgment for each of Sanchez-Rosado's prior robbery convictions. *See Shepard v. United States*, 544 U.S. 13, 16 (2005). Sanchez-Rosado argues, for the first time, that the dates of his robberies are "non-elemental facts" that the district court could not consider to determine whether his crimes occurred on different occasions, but we held in *Longoria* that "for ACCA purposes, district courts may determine both the existence of prior convictions and the factual nature of those convictions, including whether they were committed on different occasions, so long as they

5

limit themselves to *Shepard*-approved documents," 874 F.3d at 1283 (quoting *United States v. Weeks*, 711 F.3d 1255 (11th Cir. 2013)).

Sanchez-Rosado's arguments that his two convictions for robbery and his one conviction for domestic battery by strangulation do not qualify as predicate offenses are foreclosed by precedent. Sanchez-Rosado argues that bank robberies perpetuated by putting victims in fear do not qualify as violent felonies, but the Supreme Court held in *Stokeling v. United States*, 139 S. Ct. 544, 555–56 (2019), that "[r]obbery under Florida law . . . qualifies as a 'violent felony'" because the defendant must use or threaten to use physical force to overpower his victim, which "correspond[s] to that level of force" required in the elements clause of the Act. And Sanchez-Rosado's challenge to his remaining conviction fails because "Florida's domestic-battery-by-strangulation statute requires conduct that categorically requires the use of violent force." *United States v. Dixon*, 874 F.3d 678, 682 (11th Cir. 2017).

We **AFFIRM** Sanchez-Rosado's conviction and sentence.