[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 16-17645

_____

D.C. Docket No. 8:16-cr-00335-JDW-JSS-1

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

ADAM LONGORIA,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(November 1, 2017)

Before TJOFLAT, MARCUS, and JORDAN, Circuit Judges.

PER CURIAM:

Adam Longoria was convicted of possession of a firearm by a convicted felon[1] and was sentenced to fifteen years in prison under an Armed Career Criminal Act ("ACCA") sentence enhancement.[2] This ACCA sentence enhancement, applicable when a defendant has "three previous convictions . . . for a violent felony or a serious drug offense, or both, committed on occasions different from one another,"[3] was based upon three previous serious drug-related convictions: two counts of distribution of cocaine[4] and one count of participation in a conspiracy with intent to distribute cocaine.[5]

Longoria appeals his conviction and sentence on four grounds. Three are squarely foreclosed by our precedent. *See infra* part IV. Longoria's first issue, whether the District Court erred in determining that he had three predicate offenses that occurred on different occasions under the ACCA, is also unavailing. Accordingly, we affirm his conviction and sentence.

I.

In 2009, Longoria was charged with one count of participation in a conspiracy to possess with intent to distribute cocaine, a violation of 21 U.S.C. § 846, and two counts of distribution of cocaine, a violation of 21 U.S.C.

---

[1] 18 U.S.C. § 922(g)(1).

[2] *Id.* § 924(e)(1).

[3] *Id.*

[4] 21 U.S.C. § 841(a)(1).

[5] *Id.* § 846.

§ 841(a)(1).  The indictment charged that the conspiracy occurred from an "unknown date which was no later than December, 2007, through on or about December 10, 2008."  The indictment also charged that the two distribution offenses occurred on November 24, 2008 and December 3, 2008.

Longoria pleaded guilty to each of the three counts.  He admitted to the following facts in his plea agreement.[6]  Longoria told undercover detectives that his co-defendant, Richard Caraballo, could sell them kilograms of cocaine for $20,000 per kilogram.  Undercover detectives contacted Longoria on November 24, 2008, and Longoria arranged a meeting between the detectives and Caraballo.  The detectives purchased five and a half grams of cocaine from Caraballo on that date.  Longoria and Caraballo met with the detectives again on December 3, 2008, when the detectives purchased thirty-five grams of cocaine.  One week later, on December 10, Longoria met with the detectives to verify that they had $20,000 to purchase one kilogram of cocaine from Caraballo before the detectives went to Caraballo's house.  Authorities later discovered 1,142 grams of cocaine at Caraballo's house.

Longoria was sentenced to thirty-seven months in prison in April 2010.  The judgment stated that the distribution offenses ended on November 24 and

---

[6] Longoria confirmed that this version of facts was correct at his change-of-plea hearing.

3

December 3, 2008, and the conspiracy offense ended on December 10, 2008.
Longoria was incarcerated and later left prison under supervised release.

In 2016, Longoria was arrested and charged with possession of a firearm by
a convicted felon, a violation of 18 U.S.C. § 922(g)(1). Longoria pleaded guilty
and admitted the following facts.[7] In March 2015, while on supervised release,
Longoria had arranged via Facebook to sell a rifle to an undercover detective for
$300. He told the detective that he was a felon and that his wife would carry out
the sale.[8] The detective met with the woman, and she exchanged the rifle with him
for $300. Longoria called the detective after the sale to explain that he had been
afraid to sell the rifle in person because of his past arrest.

The maximum sentence under 18 U.S.C. § 922(g)(1), without a sentence
enhancement, is ten years in prison. Longoria's plea agreement noted this
maximum. The Probation Office, however, later indicated that Longoria qualified
as an armed career criminal under the ACCA and was subject to a fifteen-year
statutory *minimum* sentence. After this discovery, the District Court gave Longoria
the opportunity to withdraw his plea. He declined. The District Court then
examined Longoria's 2009 plea agreement and the transcript of the change-of-plea
hearing, and, relying upon the three counts relating to the incidents of November

---

[7] Longoria also confirmed that this version of facts was correct at his change-of-plea
hearing.

[8] The woman who met with the detective to consummate the sale, Crystal Arjona, was
actually Longoria's girlfriend.

4

24, December 3, and December 10, 2008, determined that the "three previous convictions" constituted "serious drug offense[s] . . . committed on occasions different from one another."[9]  18 U.S.C. § 924(e)(1).  Consequently, the District Court sentenced Longoria to fifteen years in prison.[10]

Longoria appeals his conviction and sentence on four grounds.  First, he claims that the District Court erred by finding that his three predicate offenses occurred on "occasions different from one another" to qualify for a sentence enhancement under the ACCA.  Second, he claims the District Court improperly considered "non-elemental facts," the dates of his prior convictions, in determining that they qualified as serious drug offenses that occurred on different occasions under the ACCA.  Third, he claims that his sentence enhancement violated his rights under the Fifth and Sixth Amendments to the United States Constitution.  Fourth, he raises a new argument that his statute of conviction, 18 U.S.C. § 922(g), is beyond Congress's grant of power under the United States Constitution's Commerce Clause and is therefore unconstitutional.

---

[9] Longoria argues that the District Court's use of the words "transaction" and "sale" in reference to the December 10, 2008 incident constitutes error because sale is not an element of conspiracy.  The District Court's language, while imprecise, does not constitute error here.  Longoria's sentence was enhanced because his two distribution convictions and one conspiracy conviction constituted the necessary three serious drug offense predicates.

[10] Longoria was sentenced to an additional twenty-one months, to run concurrently with the fifteen-year sentence, because this crime was a violation of the terms of his supervised release in the 2009 case.

II.

This Court reviews *de novo* whether prior offenses meet the ACCA's different-occasions requirement. *United States v. Sneed*, 600 F.3d 1326, 1330 n.5 (11th Cir. 2010). We also review *de novo* whether a prior conviction qualifies as a serious drug offense for purposes of the ACCA.[11] *United States v. Braun*, 801 F.3d 1301, 1303 (11th Cir. 2015). Constitutional challenges to sentences are reviewed *de novo*. *United States v. Weeks*, 711 F.3d 1255, 1259 (11th Cir. 2013). Longoria's second constitutional claim, a Commerce Clause challenge to 18 U.S.C. § 922(g), is reviewed for plain error because he raises it for the first time on appeal. *United States v. Wright*, 607 F.3d 708, 715 (11th Cir. 2010). Plain error occurs "if (1) there was error, (2) that was plain, (3) that affected the defendant's substantial rights, and (4) that seriously affected the 'fairness, integrity, or public reputation of judicial proceedings.'" *Id.* (quoting *United States v. Jones*, 289 F.3d 1260, 1265 (11th Cir. 2002)).

III.

Under the ACCA, a defendant found guilty of possession of a firearm by a convicted felon pursuant to 18 U.S.C. § 922(g) is subject to a mandatory minimum

---

[11] Appellee argues that part of this argument is unpreserved and thus should be reviewed only for plain error. But the arguments below relating to this issue are messily interwoven and at least some appear to have been properly preserved. Here, under a *de novo* review standard, we affirm on this issue. Therefore, we would also affirm under a plain error standard and need not reach the question of which standard of review should apply to each issue and sub-issue in this argument.

6

sentence of fifteen years' imprisonment if he has three prior convictions for a violent felony or serious drug offense "committed on occasions different from one another." 18 U.S.C. § 924(e)(1). To determine the nature of a prior conviction, a court "is generally limited to examining the statutory definition [of the offense of the prior conviction], charging document, written plea agreement, transcript of plea colloquy, and any explicit factual finding by the trial judge to which the defendant assented." *Shepard v. United States*, 544 U.S. 13, 16, 125 S. Ct. 1254, 1257 (2005). The existence of both "prior convictions and the factual nature of those convictions, including whether they were committed on different occasions," may be determined by district courts "so long as they limit themselves to *Shepard*-approved documents." *Weeks*, 711 F.3d at 1259.

To qualify under § 924(e)(1), prior convictions must have arisen from "separate and distinct criminal episode[s]" and be for "crimes that are temporally distinct." *Sneed*, 600 F.3d at 1329 (quotations omitted). When evaluating whether crimes were committed on different occasions, we have held that "so long as predicate crimes are successive rather than simultaneous, they constitute separate criminal episodes for purposes of the ACCA." *United States v. Pope*, 132 F.3d 684, 692 (11th Cir. 1998).

This Court has yet to address the resolution of the ACCA's different-occasions inquiry when a substantive drug distribution offense occurs within the

7

span of a conspiracy to distribute that drug.[12]  We have, however, addressed an

analogous issue under a similar statutory scheme.  In *United States v. Rice*, 43 F.3d

601 (11th Cir. 1995), we affirmed a sentence enhancement under 21 U.S.C.

§ 841(b)(1)(A) for substantive drug offenses that overlapped with a conspiracy.

We held that crimes which "occur on different occasions or are otherwise distinct

in time" may be used as predicate offenses, and we determined that acts

constituting substantive drug offenses and conspiracies which are "separate in time

and locale and . . . requir[e] separate planning and execution" are sufficiently

unrelated for § 841(b)(1)(A) enhancement purposes.  *Id.* at 608.  We later

determined a substantive drug offense that occurred within a conspiracy was

sufficiently unrelated under this statute, even if it "may have resulted from criminal

conduct in furtherance of one overall conspiracy."  *United States v. Hansley*, 54

F.3d 709, 717 (11th Cir. 1995).

The present substantive-conspiracy different-occasions question under the

ACCA has been answered elsewhere.  The Eighth Circuit addressed it in *United

States v. Melbie*, 751 F.3d 586 (8th Cir. 2014).  In *Melbie*, the Eighth Circuit

concluded that a possession offense that occurred "during the period of the

---

[12] Although this Court has not spoken directly to this issue to date, it has been argued here before.  In *United States v. Bargeron*, 435 F. App'x 892 (11th Cir. 2011) (per curiam), we avoided the question of whether one federal drug conspiracy offense and two Florida drug trafficking offenses satisfied the different-occasions inquiry by determining that "even if the district court erred by concluding that Bargeron's conspiracy conviction qualified as a third predicate ACCA conviction, any such error was harmless" because the necessary three predicate convictions existed in that case with or without the conspiracy.  *Id.* at 894.

8

conspiracy and was related to the object of the conspiracy" was a "discrete episode in a series of events." *Id.* at 587. As such, the possession offense and conspiracy offense occurred on different occasions for ACCA purposes. *Id.*

We agree with the Eighth Circuit in *Melbie*, and with our rationale under a similar statute in *Rice* and *Hansley*, that a drug conspiracy and a substantive drug offense occurring within its span may have been "committed on occasions different from one another" under the ACCA. Here, the facts of Longoria's case make this determination simple. Longoria's three predicate crimes are temporally distinct. His two distribution offenses occurred at clear and obvious points in time separated by nine days—November 24, 2008 and December 3, 2008—and were discrete episodes in the series of events constituting his participation in the drug conspiracy.

The conspiracy offense is no less clearly defined for ACCA purposes. The District Court consulted *Shepard*-approved documents to determine the conspiracy concluded December 10, 2008, a full week after Longoria's second distribution offense. There is no question that Longoria "had the opportunity to desist but chose instead to commit another crime" during the seven days between selling thirty-five grams of cocaine and consummating his conspiracy to sell one kilogram of cocaine. *United States v. Proch*, 637 F.3d 1262, 1266 (11th Cir. 2011). Because Longoria's predicate crimes were "successive rather than simultaneous,"

they constitute "separate criminal episodes" under the ACCA. *Pope*, 132 F.3d at 692. Accordingly, the District Court did not err in determining that Longoria's two convictions for distribution of cocaine and one conviction for participation in a conspiracy with intent to distribute cocaine qualified as predicate offenses for a sentence enhancement under the ACCA.

## IV.

Longoria's three remaining arguments—that the District Court erred in looking at the dates of his prior convictions because they were "non-elemental facts," that his sentence enhancement violates his Fifth and Sixth Amendment rights, and that his statute of conviction is unconstitutional—are directly foreclosed by Eleventh Circuit and Supreme Court precedent. As such, they require little discussion.

## A.

Longoria argues that the District Court should not have looked at "non-elemental facts," the dates of his prior convictions, in *Shepard*-approved documents when deciding whether his predicate offenses were committed on different occasions. This argument is directly foreclosed by our precedent. We held directly to the contrary in *United States v. Weeks*, 711 F.3d 1255 (11th Cir. 2013). In *Weeks*, we explained that "for ACCA purposes, district courts may determine both the existence of prior convictions and the factual nature of those

10

convictions, *including whether they were committed on different occasions*, so long as they limit themselves to *Shepard*-approved documents." *Id.* at 1259 (emphasis added). That is precisely what occurred here. Because Longoria's claim is in direct opposition to *Weeks*, it must fail.

## B.

Longoria's claim that his Fifth and Sixth Amendment rights were violated by the District Court determining his convictions occurred on different occasions is unavailing due to Eleventh Circuit and Supreme Court precedent. We held in *Weeks* that district courts are permitted to determine "the factual nature" of the convictions, "including whether they were committed on different occasions." *Id.* The Supreme Court, meanwhile, has held that "a penalty provision, which simply authorizes a court to increase the sentence for a recidivist," need not be alleged by the government in its indictment. *Almendarez-Torres v. United States*, 523 U.S. 224, 226–27, 118 S. Ct. 1219, 1222 (1998) (interpreting 8 U.S.C. § 1326). Longoria's arguments on this point cannot succeed.

## C.

Longoria's Commerce Clause challenge to § 922(g) is without merit. We have clearly held that § 922(g) is constitutional under the Commerce Clause. *United States v. McAllister*, 77 F.3d 387, 391 (11th Cir. 1996) ("We hold that § 922(g)(1) is not an unconstitutional exercise of Congress's power under the

Commerce Clause . . . .").  Therefore, his argument is foreclosed at this stage. *See*

*Sneed*, 600 F.3d at 1332 (describing "the strength" of this Court's prior precedent

rule).  Longoria has not shown the District Court committed error, let alone plain

error, on this issue.

## V.

The District Court did not err in determining that Longoria had three ACCA

predicate convictions that were "committed on occasions different from one

another."  18 U.S.C. § 924(e)(1).  Longoria's guilty plea to three serious drug

offenses relating to the events of November 24, December 3, and December 10,

2008—all separated by one week or more—constituted sufficient temporal

distinctness under the ACCA.  All of Longoria's remaining arguments also fail.

Accordingly, we affirm the District Court's judgment and uphold Longoria's

conviction and sentence.

**AFFIRMED.**