[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-10412
Non-Argument Calendar
_____

D.C. Docket No. 0:16-cr-60102-UU-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

GILBERTO VILLANUEVA, JR.,
a.k.a. Wito,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(March 26, 2018)

Before WILLIAM PRYOR, ANDERSON, and EDMONDSON, Circuit Judges.

PER CURIAM:

Gilberto Villanueva, Jr., appeals his 180-month sentence for possession of a firearm and ammunition by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e).  On appeal, Villanueva argues that his predicate convictions for his Armed Career Criminal Act ("ACCA") enhancement should not have counted as separate offenses because they were committed over a relatively short time span;  he concedes that his argument is barred by our binding precedent.  Villanueva further argues that his ACCA-enhanced sentence violates the Eighth Amendment's prohibition on cruel and unusual punishment; he concedes that this argument also is barred by our binding precedent.

I.

We review *de novo* whether a defendant's predicate offenses meet the ACCA's different-occasions requirement.  *United States v. Longoria*, 874 F.3d 1278, 1281 (11th Cir. 2017).

A defendant who is convicted under § 922(g) is subject to the ACCA's enhanced penalties if he has three prior convictions for violent felonies or serious drug offenses that were "committed on occasions different from one another." 18 U.S.C. § 924(e)(1).  Crimes occur on different occasions, for purposes of

§ 924(e), if they are committed successively, rather than simultaneously.
*Longoria*, 874 F.3d at 1281.

The district court did not err in applying Villanueva's ACCA enhancement:
he had at least three prior convictions for serious drug offenses that were
committed on different days, that is, successively.  *See id.*

II.

We review *de novo* whether a sentence violates the Eighth Amendment.
*United States v. Mozie*, 752 F.3d 1271, 1290 (11th Cir. 2014).  Where a defendant
fails to object to his sentence on Eighth Amendment grounds, we review only for
plain error.  *Id.*  For relief under plain-error review, a defendant must identify an
error that (1) is plain; (2) affects the defendant's substantial rights; and
(3) seriously affects the fairness, integrity, or reputation of the judicial
proceedings.  *United States v. George*, 872 F.3d 1197, 1207 (11th Cir. 2017).  To
show that an error is plain, a defendant must point to a contrary explicit statutory
provision or on-point precedent from this Court or the Supreme Court.  *United
States v. Hoffman*, 710 F.3d 1228, 1232 (11th Cir. 2013).

The Eighth Amendment prohibits "cruel and unusual punishments."  U.S.
Const. amend. VIII.  In evaluating an Eighth Amendment challenge in a non-

3

capital case, we must determine whether the sentence imposed is grossly disproportionate to the offense committed. *United States v. Bowers,* 811 F.3d 412, 431-32 (11th Cir.), *cert. denied*, 125 S. Ct. 2401 (2016). We have determined that the ACCA's 15-year mandatory minimum sentence does not violate the Eighth Amendment's prohibition on cruel and unusual punishment and is not grossly disproportionate to possessing a firearm as a thrice-convicted felon. *United States v. Reynolds*, 215 F.3d 1210, 1214 (11th Cir. 2000).

District courts may impose a sentence below a mandatory minimum only (1) upon a substantial-assistance motion from the government; or (2) in the case of certain drug offenses, if statutory criteria are met. *See* 18 U.S.C. § 3553(e)-(f).

The district court did not plainly err in imposing Villanueva's 180-month sentence because the ACCA's mandatory minimum sentence was neither cruel and unusual punishment nor grossly disproportionate to Villanueva's possession of a firearm and ammunition as a thrice-convicted felon. *See Reynolds*, 215 F.3d at 1214. Also, the district court could not have imposed a sentence below the mandatory minimum sentence: neither of the exceptions to mandatory minimum sentences was present here. *See* 18 U.S.C. § 3553(e)-(f).

**AFFIRMED.**

4