[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 18-13630
Non-Argument Calendar
_____

D.C. Docket No. 5:17-cr-00546-AKK-JHE-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RICHARD ROMANS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

(September 3, 2019)

Before TJOFLAT, JILL PRYOR and ANDERSON, Circuit Judges.

PER CURIAM:

Richard Grady Romans pled guilty to being a felon in possession of a firearm.  18 U.S.C. § 922(g)(1) (2012).  He was sentenced to fifteen years in prison as the result of an Armed Career Criminal Act ("ACCA") sentencing enhancement. *Id.* § 924(e)(1).  This enhancement applies when a defendant has "three previous convictions . . . for a violent felony or a serious drug offense, or both, committed on occasions different from one another." *Id.*  Romans' enhancement was based upon a conviction for two counts of distribution of cocaine, 21 U.S.C. § 841(a)(1), and one count of conspiracy to distribute cocaine. *Id.* § 846.

Romans argues that the conspiracy offense is not temporally distinct from the two substantive distribution offenses, as required under 18 U.S.C. § 924(e)(1), and thus he does not qualify for the sentencing enhancement.  His arguments are unavailing, and we affirm his sentence.  Because we write for the parties, we set out facts only as they are needed to support our analysis.

## I.

This Court reviews *de novo* whether prior offenses meet the ACCA's different-occasions requirement. *United States v. Sneed*, 600 F.3d 1326, 1330 n.5 (11th Cir. 2010).

Under the ACCA, a defendant found guilty of possession of a firearm by a convicted felon pursuant to § 922(g) is subject to a mandatory minimum sentence of fifteen years' imprisonment if he has three prior convictions for a violent felony

2

or serious drug offense "committed on occasions different from one another." § 924(e)(1). To qualify under § 924(e)(1), prior convictions must have arisen from "separate and distinct criminal episode[s]" and be for "crimes that are temporally distinct." *Sneed*, 600 F.3d at 1329 (quotations omitted). When evaluating whether crimes were committed on different occasions, we have held that "so long as predicate crimes are successive rather than simultaneous, they constitute separate criminal episodes for purposes of the ACCA." *United States v. Pope*, 132 F.3d 684, 692 (11th Cir. 1998). When addressing whether the offenses were "successive rather than simultaneous," we placed special significance on whether "the perpetrator had a meaningful opportunity to desist his activity before committing" another offense. *See id.* at 690.

To determine the nature of a prior conviction, a court "is generally limited to examining the statutory definition [of the offense of the prior conviction], charging document, written plea agreement, transcript of plea colloquy, and any explicit factual finding by the trial judge to which the defendant assented." *Shepard v. United States*, 544 U.S. 13, 16 (2005). The existence of both "prior convictions and the factual nature of those convictions, including whether they were committed on different occasions," may be determined by district courts "so long as they limit themselves to *Shepard*-approved documents." *United States v. Weeks*, 711 F.3d

3

1255, 1259 (11th Cir. 2013) (per curiam), *abrogated on other grounds*, *Descamps v. United States*, 570 U.S. 254 (2013).[1]

## II.

Romans cites *United States v. Longoria*, 874 F.3d 1278 (11th Cir. 2017) (per curiam), as the controlling law.  Both he and Longoria were sentenced under the same ACCA enhancement, for two distribution offenses and one conspiracy with a time span that encompassed the substantive offenses.  *Id.* at 1279.  Longoria pled guilty to one count of conspiracy to distribute cocaine on "an unknown date which was no later than December, 2007" and December 10, 2008, and to two counts of distribution of cocaine on November 24, 2008 and December 3, 2008.  *Id.* (quotation marks omitted).  In his plea agreement, Longoria admitted to meeting with undercover detectives on December 10, 2008, to verify that they had enough money to purchase more cocaine.  *Id.* at 1279–80.  Based on this information, gleaned from a *Shepard* document, *i.e.,* the plea agreement, the Court in *Longoria* determined that this was the end date of the conspiracy.  *Id.* at 1282.  We determined that the conspiracy was sufficiently temporally distinct from the

[1] In *United States v. Esprit*, 841 F.3d 1235, 1239 (11th Cir. 2016), we recognized that *Weeks* had been abrogated in the part of the holding that stated that the modified categorical approach applied to any non-generic burglary statute, even if it was indivisible. *Descamps* disregarded this assumption and stated that only divisible statutes are subject to the modified categorical approach. *See Descamps*, 570 U.S. at 258.  However, this decision does not affect our use of *Weeks* in this decision.

substantive offenses, because Longoria had "had the opportunity to desist but chose instead . . . to sell one kilogram of cocaine." *Id.*

Romans contends that contrary to the scenario in *Longoria*, in which a *Shepard* document—the plea agreement—established that the alleged conspiracy extended beyond the commission of the second substantive offense, nothing in the *Shepard* documents in this case established that the conspiracy extended beyond the commission of his second substantive offense. We disagree.

The ACCA enhancement in Romans' case was based on an indictment returned against him in the Eastern District of Tennessee. *See Weeks*, 711 F.3d at 1261 (stating that a charging document was sufficient to establish the ACCA's different-occasions requirement). It charged Romans and three others with conspiring in violation of 21 U.S.C. § 846 to possess with intent to distribute and distribute cocaine in violation of 21 U.S.C § 841(a) between "in or about 1994, through on or about August 30, 1999." It charged Romans with committing the § 841(a) substantive offense on January 15 and again February 26, 1999. Two *Shepard* documents—the indictment and the judgment of conviction entered by the District Court pursuant the jury's verdict adjudging Romans guilty of all three offenses—combined to establish that the conspiracy offense did not end until six months *after* Romans committed the second substantive offense. As noted above, the conspiracy began in 1994 and continued until on or about August 30, 1999.

The District Court's judgment confirms this fact.[2]  It states that the conspiracy offense, *i.e.,* Romans' participation in it, "concluded" on "August 30, 1999."

For the foregoing reasons, Romans' conviction is

**AFFIRMED**.

---

[2] We note in passing that Romans' conviction and sentence were affirmed on appeal. *United States v. Sexton*, 119 Fed. App'x 735 (6th Cir. 2005) (unpublished).