[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 21-12955

Non-Argument Calendar

_____

RAYMOND HAILE,

                                        Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

                                        Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:19-cv-22161-JLK

_____

Before WILSON, ROSENBAUM, and GRANT, Circuit Judges.

PER CURIAM:

Raymond Haile, a federal prisoner proceeding *pro se*, appeals the district court's denial of his 28 U.S.C. § 2255 motion. We granted a certificate of appealability (COA) on whether Haile's trial counsel was ineffective for misadvising him during plea negotiations that he had three qualifying convictions for the purposes of the Armed Career Criminal Act (ACCA). After review, we find that Haile's trial counsel properly considered the current case law at the time of Haile's plea negotiations and thus was not ineffective for advising Haile that he had three qualifying convictions under ACCA.

When faced with the denial of a § 2255 motion, we review legal conclusions de novo and factual findings for clear error. *Brown v. United States*, 942 F.3d 1069, 1072 (11th Cir. 2019) (per curiam). Section 2255 allows federal prisoners to obtain post-conviction relief and set aside prior convictions when a sentence "was imposed in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255(a). We review de novo a claim of ineffective assistance of counsel. *Hagins v. United States*, 267 F.3d 1202, 1204 (11th Cir. 2001).

To succeed on a claim of ineffective assistance of counsel, a movant must show that counsel's performance was deficient and prejudiced him. *Strickland v. Washington*, 466 U.S. 668,

21-12955                Opinion of the Court                3

687 (1984).  Counsel has a right to form strategies that are reasonable at the time of trial and to balance limited resources in accordance with effective tactics and strategies.  *Harrington v. Richter*, 562 U.S. 86, 107 (2011).  An attorney does not render ineffective assistance by failing to make an argument that depends on a future development of law.  *Brewster v. Hetzel*, 913 F.3d 1042, 1057 (11th Cir. 2019).

Under the ACCA, a defendant convicted of being a felon in possession of a firearm is subject to a mandatory minimum sentence of 15 years' imprisonment if he has 3 prior convictions for a serious drug offense or violent felony "committed on occasions different from one another."  18 U.S.C. § 924(e).

In *Wooden v. United States*, the Supreme Court rejected the Sixth Circuit's holding that the different-occasions provision was satisfied whenever crimes occurred sequentially instead of simultaneously.  142 S. Ct. 1063, 1068 (2022).  Rather, the Supreme Court held that an inquiry into whether offenses occurred on separate occasions is multi-factored and requires considering the timing, location, character, and relationship of the offenses.  *Id.* at 1070–71.

First, Haile's argument that his counsel should have had anticipated the Supreme Court's opinion in *Wooden* would affect whether his prior offense would serve as predicate offenses under ACCA lacks merit.  As the Supreme Court stated in *Strickland*, courts must try to "eliminate the distorting effects of hindsight," and must "evaluate the conduct from counsel's perspective at the time."  466 U.S. at 689.  Haile pleaded guilty in November 2017 and

was sentenced in February 2018, over three years before the Supreme Court granted certiorari in *Wooden*. *See* 141 S. Ct. 1370 (2021). Thus, Haile's counsel cannot be ineffective for failing to anticipate any future development about how Supreme Court cases, like *Wooden*, would have on our different-occasions analysis.

Second, before *Wooden*, we held that two crimes occurred on a different occasion because they were "successive rather than simultaneous." *United States v. Longoria*, 874 F.3d 1278, 1281 (11th Cir. 2017) (per curiam). We also stated that occasions separated by a week "constituted sufficient temporal distinctness under the ACCA." *Id.* at 1283.[1] Haile's two serious drug offenses occurred over a year apart, and thus occurred on different occasions for the purposes of ACCA. Thus, under our precedent at the time of Haile's guilty plea and sentencing, he had three qualifying convictions, and thus his counsel properly advised him that he was subject to the 15-year mandatory minimum under the ACCA.

---

[1] Although we have not specifically addressed how *Wooden* impacts our prior precedent, our decision in *Longoria* appears to follow *Wooden*'s reasoning that "a single factor—especially of time or place—can decisively differentiate occasions." 142 S. Ct. at 1071. Thus, considering *Wooden* and the facts of Haile's drug offenses, he would still have three qualifying offenses.

21-12955                Opinion of the Court                5

Thus, the district court did not err by finding that Haile's counsel did not render ineffective assistance and denying his § 2255 motion. [2]

**AFFIRMED.**

---

[2] Because Haile's claim lacks merit, we deny his motion to appoint counsel.