[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 22-11514

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ALISBEY SANTILLON GATA,
a.k.a. Alexs Santillon,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:21-cr-20368-BB-1

_____

Before WILSON, LUCK, and LAGOA, Circuit Judges.

PER CURIAM:

Alisbey Santillon Gata appeals his conviction for possessing a firearm as a convicted felon, in violation of 18 U.S.C. § 922(g)(1), and argues that § 922(g) is unconstitutional under the Commerce Clause and the Tenth Amendment.  Santillon Gata argues that § 922(g) is unconstitutional because it does not require that the possessed firearm substantially affect interstate commerce.  Santillon Gata also argues that § 922(g) violates the Tenth Amendment. Because both of these issues have been addressed and foreclosed by this Court's prior precedent, we affirm. *See United States v. Brown*, 342 F.3d 1245, 1246 (11th Cir. 2003) (under our prior precedent rule, we must follow a prior binding precedent "unless and until it is overruled by this [C]ourt en banc or by the Supreme Court").

## I.

On May 21, 2021, Santillon Gata robbed a boutique store, during which he brandished and pointed a revolver firearm at the cashier and demanded her to open the jewelry case.  Santillon Gata then fled the scene.  Later that day, police offers identified Santillon Gata as the robber because he left his phone number at the pawn shop where he pawned some of the stolen items.  Police officers obtained a warrant for Santillon Gata's residence, and upon arrival, searched Santillon Gata's person and found two guns.

Santillon Gata was subsequently indicted by a grand jury for Hobbs Act robbery, in violation of 18 U.S.C. § 1951(a) ("Count 1"); brandishing a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii) ("Count 2"); and possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) ("Count 3"). Pursuant to a written plea agreement, Santillon Gata agreed to plead guilty to Count 3, and the parties agreed to jointly recommend a sentence of eight years' imprisonment. Santillon Gata stipulated in the factual proffer to the plea agreement that the two firearms that he possessed were manufactured outside the state of Florida and traveled in interstate commerce. At the change-of-plea hearing, the government stated in summarizing the factual basis for his guilty plea that the two firearms that Santillon Gata possessed were manufactured outside the state of Florida and affected interstate commerce. And Santillon Gata admitted that the proffered facts were true and pled guilty to Count 3.

A probation officer prepared a presentence investigating report ("PSI"). The PSI determined that Santillon Gata had a base offense level of 20, pursuant to U.S.S.G. § 2K2.1(a)(4)(B). The PSI added four levels because Santillon Gata possessed the gun in connection with another felony, pursuant to U.S.S.G. § 2K2.1(b)(6)(B), raising his total offense level to 24. The PSI stated that Santillon Gata had prior convictions for uttering a forgery, grand theft, possession of MDMA, resisting an officer with violence, battery on a law enforcement officer, disorderly intoxication, and battery, and these convictions resulted in a criminal history score of four and a

criminal history category of III.  Santillon Gata also had the following charges against him that had been *nolle prossed*: possession of marijuana, possession of cannabis, threatening law enforcement, driving on a suspended license, and throwing a deadly missile.

The PSI calculated Santillon Gata's sentencing guidelines range as 63 to 78 months of imprisonment, with the statutory maximum imprisonment term being 120 months.

Santillon Gata objected to the four-level enhancement, arguing that he was suspected of committing the robbery but did not commit it.  He also objected to the failure to include the reduction for acceptance of responsibility.  He argued that if the reduction was applied and his objection to the enhancement was sustained, his total offense level would be 17 with a guidelines imprisonment range of 27 to 33 months.  And he noted that this would not alter the 96-month recommended sentence agreed upon in the plea agreement.

At the sentencing hearing, Santillon Gata reiterated his objection to the four-level enhancement for possession of a firearm in connection with another felony offense and argued that it was unclear who committed the robbery.  After hearing arguments from counsel and testimony from an officer, the district court overruled the objection to the enhancement.  At the hearing, however, the government conceded that the three-level reduction for acceptance of responsibility applied.

The district court then determined that Santillon Gata's total offense level was 21, with his guidelines range being 46 to 57 months of imprisonment. After hearing from the owner of the robbed boutique, Santillon Gata, and the parties' counsels, the district court sentenced Santillon Gata to 96 months of imprisonment and 3 years of supervised release. The court also dismissed Counts 1 and 2. This appeal ensued.

## II.

Generally, we review the constitutionality of a statute *de novo*, as it is a question of law. *United States v. Wright*, 607 F.3d 708, 715 (11th Cir. 2010). However, if the issue is raised for the first time on appeal, we review for plain error only. *Id.* Plain error occurs only if (1) there was error, (2) it was plain, (3) it affected the defendant's substantial rights, and (4) it seriously affected the "fairness, integrity, or public reputation of judicial proceedings." *Id.* (quoting *United States v. Jones*, 289 F.3d 1260, 1265 (11th Cir. 2002)).

## III.

As Santillon Gata concedes, decisions by this Court "have clearly held that 18 U.S.C. § 922(g) is constitutional under the Commerce Clause." *United States v. Longoria*, 874 F.3d 1278, 1283 (11th Cir. 2017) (citing *United States v. McAllister*, 77 F.3d 387, 391 (11th Cir. 1996)). We have also rejected as-applied challenges to 18 U.S.C. § 922(g), holding that the government proves a "minimal nexus" to interstate commerce where it demonstrates that the

firearms were manufactured outside of the state where the offense took place and, thus, necessarily traveled in interstate commerce. *Wright*, 607 F.3d at 715–16. And we have specifically rejected constitutional challenges to § 922(g) under *United States v. Lopez*, 514 U.S. 549 (1995), concluding that "[n]othing in *Lopez* suggest[ed] that the minimal nexus test should be changed." *McAllister*, 77 F.3d at 390 (quotation marks omitted); *see also Lopez*, 514 U.S. at 561–62 (holding that the Gun-Free School Zones Act was unconstitutional because it did not "substantially affect" interstate commerce and lacked a jurisdictional element to ensure each "firearm possession in question affects interstate commerce").

We have also held that Congress does not violate the Tenth Amendment when it enacts legislation through the constitutionally permissible exercise of its Commerce Clause power. *See Cheffer v. Reno*, 55 F.3d 1517, 1521 (11th Cir. 1995). Further, we have held that § 922(g) does not violate the Tenth Amendment. *See Hiley v. Barrett*, 155 F.3d 1276, 1277 (11th Cir. 1998), *aff'g, Nat'l Ass'n of Gov't Emps. v. Barrett*, 968 F. Supp. 1564. 1577–78 (N.D. Ga. 1998) (noting that because § 922(g) is a valid exercise of Congress's commerce authority, it cannot violate the Tenth Amendment).

Here, Santillon Gata did not object to the constitutionality of § 922(g) under either the Commerce Clause or the Tenth Amendment in the district court. Therefore, we review his arguments only for plain error. And, as Santillon Gata concedes, his

arguments that § 922(g) is unconstitutional[1] are barred by our prior panel precedents holding that § 922(g) is constitutional under the Commerce Clause, even when the gun was only manufactured outside the state of conviction, and under the Tenth Amendment because it does not invade the province of the states.  Indeed, Santillon Gata admitted that the guns that he possessed were manufactured outside of Florida.

We therefore affirm his conviction.

**AFFIRMED.**

---

[1] When a defendant makes only passing references to an issue in his brief, it constitutes a failure to devote a discrete section of his argument in his appellate brief to an issue, and that issue is deemed abandoned on appeal.  *United States v. Jernigan*, 341 F.3d 1273, 1283 n.8 (11th Cir. 2003), *abrogated on other grounds by Rehaif v. United States*, 139 S. Ct. 2191, 2200 (2019).  Here, while Santillon Gata mentioned an as-applied challenge to § 922(g) in an issue statement and in the opening sentence of his Tenth Amendment argument of his brief, he does not otherwise make an as-applied argument about the facts in his case and only addresses the facial constitutionality of the statute.  But, as explained above, even if Santillon Gata did not abandon an as-applied challenge to § 922(g), it is foreclosed by our precedent.