[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 22-10454

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

CORNELIUS MICHAEL TURNER,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 3:19-cr-00105-BJD-LLL-1

_____

Before LAGOA, BRASHER, and EDMONDSON, Circuit Judges.

PER CURIAM:

Cornelius Turner appeals his 180-month concurrent sentences, imposed after he pleaded guilty to possessing with intent to distribute fentanyl and to being a felon in possession of a firearm. Turner argues that the district court erred in enhancing his sentence under the Armed Career Criminal Act, 18 U.S.C. § 924(e) ("ACCA"). No reversible error has been shown; we affirm.

## I.

Before sentencing, the probation officer prepared a presentence investigation report ("PSI"). In pertinent part, the probation officer determined that Turner qualified as an armed career criminal based on Turner's three prior Florida drug convictions: two convictions for the sale of cocaine and one conviction for possession with intent to sell cocaine. The PSI noted that Turner's convictions stemmed from conduct committed on 20 October 2011, 9 November 2011, and 15 November 2011.

Turner objected to the PSI's determination that he qualified for an ACCA-enhanced sentence. Turner did not dispute that his Florida drug convictions qualified as "serious drug offenses" under the ACCA. Turner argued, instead, that the offense conduct underlying his convictions was not committed on three separate occasions.

At the sentencing hearing, Turner presented additional argument challenging his classification as an armed career criminal. Turner acknowledged that the Information filed in his Florida drug case showed the three drug offenses occurred on different dates. Nevertheless, Turner argued that the offenses were part of the same criminal episode because they involved the same undercover officer and the same drug. Turner also asserted that an ACCA-enhanced sentence based upon judge-found facts would violate his Sixth Amendment rights.

The district court overruled Turner's objections to his ACCA classification. The district court then sentenced Turner to the statutory-mandatory-minimum sentence of 180 months' imprisonment.

## II.

### A.

We first address Turner's contention that the district court erred in relying on the state-court Information as evidence that his three drug offenses were committed on different dates. Because Turner raises this argument for the first time on appeal, we review only for plain error. *See United States v. Dudley*, 5 F.4th 1249, 1255 (11th Cir. 2021).

Turner has shown no error, plain or otherwise. We have concluded that a sentencing court may rely on "non-elemental

facts" contained in *Shepard*-approved[1] documents to determine whether a defendant's prior offenses of conviction were committed on different days. *See id*. at 1259-60, 1265; *United States v. Longoria*, 874 F.3d 1278, 1283 (11th Cir. 2017).[2] A charging document -- like the Information involved in this case -- is an approved document under *Shepard*. *See Shepard*, 544 U.S. at 26 (explaining that, in assessing the nature of an offense for purposes of the ACCA, the district court is limited to considering "the terms of the charging document, the terms of a plea agreement or transcript of colloquy between judge and defendant in which the factual basis for the plea was confirmed by the defendant, or [] some comparable judicial record of this information").

Under our binding precedent, the district court was authorized to rely on the state-court Information in finding that Turner's drug offenses occurred on three separate and distinct days. Turner has demonstrated no plain error.

B.

---

[1] *Shepard v. United States*, 544 U.S. 13 (2005).

[2] We reject Turner's assertion that our precedent -- allowing courts to use *Shepard*-approved documents for purposes of the ACCA's different-occasions inquiry -- has been abrogated by the Supreme Court's decision in *United States v. Mathis*, 579 U.S. 500 (2016). *See Dudley*, 5 F.4th at 1265 (explaining that *Mathis* never addressed the ACCA's different-occasions inquiry and, thus, did not abrogate our prior precedent on that issue).

Turner next contends that -- even if his three drug offenses were committed on different days[3] -- the offenses were part of the same criminal episode. We review *de novo* whether a defendant's "prior offenses meet the ACCA's different-occasions requirement." *See Longoria*, 874 F.3d at 1281.

Under the ACCA, a defendant convicted of being a felon in possession of a firearm is subject to a mandatory-minimum sentence of 15 years' imprisonment if the defendant has three prior convictions "for a violent felony or a serious drug offense, or both, *committed on occasions different from one another*." 18 U.S.C. § 924(e)(1) (emphasis added). A defendant's predicate offenses are considered to have been committed on different occasions under the ACCA if the offenses are "'temporally distinct' and arise from 'separate and distinct criminal episodes.'" *See Dudley*, 5 F.4th at 1259 (brackets omitted); *United States v. Sneed*, 600 F.3d 1326, 1329-30 (11th Cir. 2010) ("Distinctions in time and place are usually sufficient to separate criminal episodes from one another even when the gaps are small.").

The record supports the district court's determination that Turner committed his Florida drug offenses on 20 October, 9 November, and 15 November 2011. These offenses -- separated by twenty and six days -- were sufficiently temporally distinct to constitute separate occurrences under the ACCA. *See Longoria*, 874

---

[3] We note that Turner has never disputed that his three Florida drug convictions arose out of conduct that, in fact, occurred on three different days.

F.3d at 1282 (concluding that drug offenses committed nine and seven days apart constituted "separate criminal episodes" for purposes of the ACCA).

Contrary to Turner's assertion, our conclusion is consistent with the Supreme Court's recent decision in *Wooden v. United States*, 142 S. Ct. 1063 (2022). In *Wooden*, the Supreme Court noted that -- unlike "offenses separated by substantial gaps in time or significant intervening events" -- "[o]ffenses committed close in time, in an uninterrupted course of conduct, will often count as part of one occasion." *See Wooden*, 142 S. Ct. at 1071 (concluding that a series of ten burglaries committed on a single night, in an uninterrupted course of conduct, and at one location constituted a single criminal episode). The Supreme Court also recognized that courts "have nearly always treated offenses as occurring on separate occasions if a person committed them a day or more apart, or at a 'significant distance.'" *Id*.

Turner argues chiefly that his offenses should be treated as part of the same criminal episode because they were part of an ongoing criminal investigation and involved the same undercover officer, the same drugs, and a limited geographical area. We disagree. These similarities -- when viewed against the days-long amount of time that elapsed between Turner's drug offenses -- are insufficient to establish that the three offenses were part of a single criminal episode. *See id*. ("In many cases, a single factor -- especially of time or place -- can decisively differentiate occasions.").

The district court committed no error in determining that the offenses underlying Turner's three drug convictions occurred on different occasions within the meaning of the ACCA.

## C.

Turner's argument challenging his ACCA-enhanced sentence under the Sixth Amendment is foreclosed by our binding precedent. "[W]e have repeatedly rejected the argument that judicially determining whether prior convictions were committed on different occasions from one another for purposes of the ACCA violates a defendant's Fifth and Sixth Amendment rights." *See Dudley*, 5 F.4th at 1260, 1260 n.10.

AFFIRMED.