[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 22-14332

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

CLEATE WILSON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 8:22-cr-00217-VMC-CPT-1

_____

Before WILSON, JORDAN, and LAGOA, Circuit Judges.

PER CURIAM:

Cleate Wilson appeals his conviction for possession of a firearm by a convicted felon.  He contends that 18 U.S.C. § 922(g)(1) is unconstitutional under the Second Amendment and exceeds Congress' powers under the Commerce Clause.  We affirm.

Mr. Wilson recognizes that we've upheld 18 U.S.C. § 922(g)(1) against a Second Amendment challenge, *see United States v. Rozier*, 598 F.3d 769, 770 (11th Cir. 2010), but argues that the Supreme Court's decision in *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1 (2022), has abrogated our precedent.  We have, however, recently rejected this exact contention.  *See United States v. Dubois*, 94 F.4th 1284, 1291-93 (11th Cir. 2024).

As for the Commerce Clause challenge, it is foreclosed by our precedent.  We have "held that . . . § 922(g) is constitutional under the Commerce Clause."  *United States v. Longoria*, 874 F.3d 1278, 1283 (11th Cir. 2017) (citing *United States v. McAllister*, 77 F.3d 387, 391 (11th Cir. 1996)).  We have also rejected as-applied challenges to § 922(g), holding that the government proves a "minimal nexus" to interstate commerce where it demonstrates that the firearm was manufactured outside of the state where the offense took place and, thus, necessarily traveled in interstate commerce.  *See United States v. Wright*, 607 F.3d 708, 715-16 (11th Cir. 2010).

**AFFIRMED.**