[DO NOT PUBLISH]

# In the
# United States Court of Appeals
## For the Eleventh Circuit

_____

No. 24-11503

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

TREMON STALEY,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 8:23-cr-00228-CEH-UAM-1

_____

Before LAGOA, TJOFLAT, and WILSON, Circuit Judges.

PER CURIAM:

Tremon Staley appeals his conviction for possession of a firearm by a felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(8). He argues that § 922(g)(1) violates the Second Amendment and the Commerce Clause, both facially and as applied to him. Binding precedent forecloses Staley's claims. We affirm.

## I.

A grand jury indicted Staley on one count of possession of a firearm by a felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(8). Staley moved to dismiss the indictment, arguing that § 922(g)(1) was unconstitutional under the Second Amendment.

The Government opposed the motion, arguing that this Court's precedent foreclosed Staley's claims. A magistrate judge recommended denying Staley's motion, and the District Court adopted that recommendation. Staley waived his right to a jury trial and proceeded to a bench trial on stipulated facts. The District Court found Staley guilty and sentenced him to 15 months' imprisonment followed by two years of supervised release. This appeal follows.

## II.

Staley argues that § 922(g)(1) violates the Second Amendment as construed by the Supreme Court. Staley's argument, however, is foreclosed by our precedent. In *United States v. Dubois*, we

rejected the same challenge. 2025 WL 1553843, at *2–5 (11th Cir. June 2, 2025). We remain bound by *Dubois* "unless and until [its] holding is overruled by the Court sitting en banc or by the Supreme Court." *See Smith v. GTE Corp.*, 236 F.3d 1292, 1300 n.8 (11th Cir. 2001).

Staley also argues that § 922(g)(1) exceeds Congress's authority under the Commerce Clause. That argument, too, is foreclosed. We have "clearly held that 18 U.S.C. § 922(g) is constitutional under the Commerce Clause." *United States v. Longoria*, 874 F.3d 1278, 1283 (11th Cir. 2017) (per curiam), *abrogated on other grounds by Erlinger v. United States*, 602 U.S. 821, 144 S. Ct. 1840 (2024) (internal quotation marks and citation omitted); *see also United States v. Wright*, 607 F.3d 708, 715–16 (11th Cir. 2010). Moreover, Staley stipulated that the firearm and ammunition he possessed were manufactured outside of Florida, satisfying the minimal nexus to interstate commerce required under our precedent. *Wright*, 607 F.3d at 716.

Because binding precedent forecloses Staley's arguments, we affirm.

**AFFIRMED**.