[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 20-12742

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

JAMEEL SHADEED WILLIAMS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 8:18-cr-00095-SCB-CPT-1

_____

Before BRANCH, KIDD, and DUBINA, Circuit Judges.

PER CURIAM:

Appellant Jameel Williams appeals his conviction and 180-month imprisonment sentence for being a felon in possession of a firearm.  First, Williams argues that the district court erred under *Erlinger v. United States*, 602 U.S. 821, 144 S. Ct. 1840 (2024), in applying the Armed Career Criminal Act ("ACCA") enhancement to his sentence based on a judicial factfinding at sentencing that the offenses underlying his predicate convictions occurred on different occasions, the error was structural, and, even if the error is subject to harmless-error review, the error was not harmless.  Second, Williams argues that the district court erred in applying the ACCA enhancement to his sentence because his predicate offenses did not qualify as a "serious drug offense" under the ACCA.  Third, Williams argues that 18 U.S.C. § 922(g)(1) is unconstitutional facially and as applied to him under the Commerce Clause and under the Second Amendment.  Having reviewed the record and read the parties' briefs, we affirm Williams's conviction and sentence.

## I.

Regarding the ACCA, we review *de novo* whether prior offenses satisfy the different occasions requirement.  *United States v. Dudley*, 5 F.4th 1249, 1255 (11th Cir. 2021).  However, challenges raised for the first time on appeal are reviewed for plain error.  *Id.*

The ACCA requires that any defendant who violates 18 U.S.C. § 922(g) serve a mandatory minimum sentence of

15 years if the defendant has 3 prior convictions for violent felonies or serious drug offenses "committed on occasions different from one another." 18 U.S.C. § 924(e)(1). The ACCA defines a "serious drug offense," in relevant part, as "an offense under State law, involving manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance (as defined in section 102 of the Controlled Substances Act (21 U.S.C. 802))." *Id.* § 924(e)(2)(A)(ii).

Williams contends that the district court erred in sentencing him pursuant to the ACCA because the judge, not a jury, relied on court documents[1] to conclude that he had 3 prior convictions for serious drug offenses committed on different occasions. *See Erlinger v. United States*, 602 U.S. at 833-34, 144 S. Ct. at 1851 (holding that judicial factfinding by a preponderance of the evidence that a defendant has three ACCA predicate convictions committed on different occasions violates the Fifth Amendment's guarantee of due process of law and the Sixth Amendment guarantee to a jury trial). The Court held that the ACCA predicate fact-finding must be made by a jury beyond a reasonable doubt or freely admitted by the defendant in a guilty plea. *See id.* The Court explained that "no particular lapse of time or distance between offenses automatically separates a single occasion from distinct ones." *Id.* at 841, 144 S. Ct. at 1855. The Court also noted that "in many cases the occasions inquiry will be 'straightforward,'" such as when "a defendant's past offenses [are] different enough and separated by enough time and

---

[1] *See Shepherd v. United States*, 544 U.S. 13, 125 S. Ct. 1254 (2005).

space that there is little question he committed them on separate occasions," though the Court stressed that this finding must still be made by a jury rather than a judge. *Id.* at 842, 144 S. Ct. at 1856.

The Supreme Court did not opine whether the error was structural or subject to harmless-error review. Recently, in *United States v. Rivers*, 139 F.4th 1292 (11th Cir. 2025), our court held that *Erlinger* error is subject to harmless error review. *Id.* at 1305. Under this review, the government bears the burden of showing beyond a reasonable doubt that a rational jury would have found that the defendant's prior drug offenses all were "committed on occasions different from one another." *Id.* at 1306 (quoting 18 U.S.C. §924(e)); *Dudley*, 5 F.4th at 1259. Under this "fact-laden task," the court considers the amount of time between offenses, the proximity of the locations where the offenses occurred, and whether the offenses are part of the same scheme or achieve the same objective. *Wooden v. United States*, 595 U.S. 360, 367-70, 142 S. Ct. 1063, 1069-71 (2022). But "[i]n many cases, a single factor—especially of time or place—can decisively differentiate occasions." *Id.* at 369-70, 142 S. Ct. at 1071. "Offenses committed close in time, in an uninterrupted course of conduct, will often count as part of one occasion; not so offenses separated by substantial gaps in time or significant intervening events." *Id.* at 369, 142 S. Ct. at 1071.

The record here demonstrates that the *Erlinger* error in this case was harmless beyond a reasonable doubt. Examining the time, location and purpose or character of Williams's crimes, it seems unlikely that a reasonable jury would doubt that his prior

20-12742              Opinion of the Court                 5

offenses qualified as ACCA predicate offenses. Court documents showed that Williams sold cocaine on May 1, 2003, September 2, 2003, and April 11, 2014. Given these gaps in time between his drug offenses, no reasonable person would believe they were committed on the same occasion. *See United States v. Penn*, 63 F.4th 1305, 1318 (11th Cir. 2023) ("No reasonable person would say that Penn's two sales of cocaine, thirty days apart, occurred on the same occasion."), *cert*. denied, ___ U.S. ___, 144 S. Ct. 398 (2023). Williams presented no evidence to contradict these dates, nor did he make a specific argument as to why the dates are inaccurate.

In addition, the offenses were committed at different locations. One was near a church, and another was near a school. Thus, we conclude that Williams cannot meet the harmless-error standard as to his *Erlinger* challenge because he has not "raised evidence sufficient to support a contrary finding" and cannot show a reasonable probability that a jury would find that his predicate drug convictions in 2003 and 2014 occurred on the same occasion. Thus, we affirm as to this issue.

## II.

We review *de novo* whether a prior conviction qualifies as a serious drug offense for ACCA purposes if the issue is preserved; however, we review unpreserved challenges for plain error. *United States v. Laines*, 69 F.4th 1221, 1229 (11th Cir. 2023), *cert*. denied, ___ U.S. ___, 144 S. Ct. 2611 (2024). Under a plain error standard, the defendant must establish that an error occurred, the error was plain, and the error affected the defendant's substantial rights. *Id*.

(quotation marks omitted).  "An error is plain if it is obvious or clear under current law." *Id.* (quotation marks omitted).  Once the defendant has made such a showing, we may exercise our "discretion to notice the forfeited error if the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Id.* (quotation marks omitted).

"To preserve an issue for appeal, one must raise an objection that is sufficient to apprise the trial court and the opposing party of the particular grounds upon which appellate relief will later be sought." *United States v. Straub*, 508 F.3d 1003, 1011 (11th Cir. 2007) (quotation marks omitted).  "The objection must be raised in such clear and simple language that the trial court may not misunderstand it." *Id.* (quotation marks omitted).  General objections are insufficient to preserve "specific sentencing issues for review." *United States v. Carpenter*, 803 F.3d 1224, 1238 (11th Cir. 2015). However, we have also stated that "while an issue can be waived, alternative arguments on an issue cannot." *United States v. Horn*, 129 F.4th 1275, 1298 (11th Cir. 2025).  "[O]nce a party has preserved an issue, it may make any argument in support of that claim; parties are not limited to the precise arguments they made below." *United States v. Brown*, 934 F.3d 1278, 1306-07 (11th Cir. 2019) (quotation marks omitted).

In the district court, Williams's argument centered around a *mens rea* requirement although he claimed that Florida's definition of cocaine was broader than the federal definition.  He maintains that same broad argument on appeal but claims rather that the

definitions are different because Florida's drug schedules include stereoisomers of cocaine, but the federal drug schedules include only geometric and optical isomers of cocaine.

In 2003 and 2014, Florida prohibited the selling of a "controlled substance," which controlled "[c]ocaine or ecgonine, including any of their stereoisomers, and any salt, compound, derivative, or preparation of cocaine or ecgonine." Fla. Stat. §§ 893.13(1)(e), 893.03(2)(a)(4) (2003); *Id.* §§ 893.13(c), 893.03(2)(a)(4) (2014). In 2003 and 2014, the federal government defined cocaine as "cocaine, its salts, optical and geometric isomers, and salts of isomers." 21 U.S.C. § 812 (schedule II(a)(4)) (2003); 21 U.S.C. § 812 (schedule II(a)(4)) (2014).

Federal law governs the meaning of terms in the ACCA, and state law governs the elements of state-law crimes. *United States v. Jackson*, 55 F.4th 846, 850 (11th Cir. 2022), *cert. granted*, 143 S. Ct. 2457 (2023), *and aff'd sub nom.*, *Brown v. United States*, 602 U.S. 101, 144 S. Ct. 1195 (2024). In determining whether a state conviction is a "serious drug offense" under the ACCA, courts look at "the version of state law that the defendant was actually convicted of violating." *Id.* (quotation marks omitted). Additionally, "the federal controlled-substances schedules in effect at the time of the previous state conviction," rather than those in effect at the time of the federal firearm offense, are used to determine whether a prior state conviction constitutes a serious drug offense. *Id.* at 856. Thus, a "prior state drug conviction constitutes an ACCA predicate if the drugs on the federal and state schedules matched when the

state drug offense was committed." *Brown*, 602 U.S. at 119, 144 S. Ct. at 1208.

We apply the categorical approach to determine whether a defendant's state conviction is a serious drug offense under the ACCA. *United States v. Jackson*, 55 F.4th 846, 850 (11th Cir. 2022), *cert. granted*, ___ U.S. ___, 143 S. Ct. 2457 (2023), *and aff'd sub nom.*, *Brown v. United States*, 602 U.S. 101, 144 S. Ct. 1195 (2024). Under the categorical approach, we consider the statutory definition of the state offense rather than the facts of the crime itself. *Id.* A state conviction qualifies only if the state statute under which the conviction occurred defines the offense in the same way as, or more narrowly than, the ACCA's definition of a serious drug offense. *Id.* "The government bears the burden of establishing that an ACCA sentencing enhancement is warranted." *United States v. Harris*, 941 F.3d 1048, 1051 (11th Cir. 2019).

We apply the realistic probability test to determine whether a state drug schedule covered more conduct than the corresponding federal schedule. *Chamu v. U.S. Att'y Gen.*, 23 F.4th 1325, 1330 (11th Cir. 2022) (noting that a litigant must still show that any textual differences carry actual legal consequences). We found that "when a state statute with different terminology is nonetheless no broader than the federal standard[,] no realistic probability of broader prosecution exists." *Id.* We held that the inconsistencies between the Florida and the federal definition of cocaine did not themselves show a realistic probability that Florida's drug

20-12742                 Opinion of the Court                 9

schedules cover more isomers of cocaine than the federal schedules do. *Id.* at 1331-32.

Whether Williams can show the textual differences here carry actual legal consequences is immaterial because under a plain error review, he cannot show that any error is plain. We have already rejected on plain-error review the same stereoisomer-overbreadth argument that Williams raises here because the purported error was not clear under current law. *See Laines,* 69 F.4th at 1234. Williams cites no precedent establishing that the difference between stereoisomers of cocaine, as used in Florida's drug schedules, and geometric and optical isomers of cocaine, as used in the federal schedules, renders Florida's definition of cocaine overbroad. Moreover, Williams cannot show that the purported error affected his substantial rights. Thus, Williams cannot establish that the district court plainly err by sentencing him under the ACCA, and we affirm as to this issue.

### III.

We review for plain error a constitutional challenge raised for the first time on appeal. *United States v. Alfonso*, 104 F.4th 815, 828 (11th Cir. 2024), *cert. denied*, ___ S. Ct. ___ (U.S. May 19, 2025). "[T]here can be no plain error where there is no precedent from the Supreme Court or [our] Court directly resolving" the issue. *United States v. Bolatete*, 977 F.3d 1022, 1036 (11th Cir. 2020) (quotation marks omitted).

Williams argues that 18 U.S.C. §922(g)(1) is unconstitutional because it violates the Commerce Clause, and he also contends that

it violates the Second Amendment. Williams's Commerce Clause argument is foreclosed by our precedent. We have "clearly held that 18 U.S.C. § 922(g) is constitutional under the Commerce Clause." *United States v. Longoria*, 874 F.3d 1278, 1283 (11th Cir. 2017), *abrogated on other grounds by Erlinger*. We have also rejected as-applied challenges to 18 U.S.C. § 922(g), holding that the government proves a "minimal nexus" to interstate commerce where it demonstrates that the firearms were manufactured outside of the state where the offense took place and, thus, necessarily traveled in interstate commerce. *United States v. Wright*, 607 F.3d 708, 715-16 (11th Cir. 2010).

Williams also fails to show that §922(g)(1) plainly violates the Second Amendment, facially or as applied to him. Recently, our court upheld the holding in *United States v. Rozier*, 598 F.3d 768 (11th Cir. 2010), that §922(g)(1) is constitutional under the Second Amendment. *See United States v. Dubois*, 94 F.4th 1284 (11th Cir. 2024), *cert. granted and judgment vacated*, ___ U. S. ___, 143 S. Ct. 1041 (Jan. 13, 2025) (No. 24-5744), *reinstated by United States v. Dubois*, 139 F.4th 887 (11th Cir. 2025). In *Dubois*, we held that "*Rozier* continues to bind us." 139 F.4th at 894. Because *Rozier* remains our circuit precedent, Williams cannot meet his burden of showing plain error. Thus, we affirm. *See Bolatete*, 977 F.3d at 1036.

Accordingly, based on the aforementioned reasons, we affirm Williams's conviction and sentence for possession of a firearm by a convicted felon.

**AFFIRMED.**