[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

————————————————

No. 22-11682

Non-Argument Calendar

————————————————

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

RODNEY BURKE,

Defendant-Appellant.

————————————————

Appeal from the United States District Court
for the Middle District of Georgia
D.C. Docket No. 4:18-cr-00017-CDL-MSH-1

————————————————

Before WILSON, BRANCH, and ANDERSON, Circuit Judges.

PER CURIAM:

Following resentencing, Rodney Eugene Burke, Sr. appeals from his sentence of 180 months' imprisonment for one count of being a felon in possession of a firearm. He argues for the first time on appeal that the district court violated his Fifth and Sixth Amendment rights when it imposed a sentence enhancement under the Armed Career Criminal Act ("ACCA") where the indictment failed to allege that the three predicate offenses were committed on different occasions from one another and the government failed to submit the issue to the jury. Because Burke's claim is foreclosed by binding precedent, we affirm.

## I.    Background

In 2018, following a bifurcated trial, a jury convicted Burke of one count of possession of methamphetamine with intent to distribute and one count of possession of a firearm by a convicted felon. *United States v. Burke*, 823 F. App'x 777, 778 (11th Cir. 2020). The district court determined that Burke qualified as an armed career criminal because Burke had three prior convictions for a violent felony or a serious drug offense.[1] The district court

---

[1] The ACCA mandates a minimum term of imprisonment of 15 years for "a person who violates section 922(g) . . . and has three previous convictions . . . for a violent felony or a serious drug offense, or both, *committed on occasions different from one another*." 18 U.S.C. § 924(e)(1) (emphasis added). At the time of Burke's offense, without the ACCA enhancement, a violation of § 922(g)

sentenced Burke to a total of 240 months' imprisonment to be followed by 8 years' supervised release, and we affirmed his sentence on appeal. *Id.* Burke did not challenge the ACCA enhancement at sentencing or on direct appeal. *See id.*

Following his direct appeal, Burke filed a federal habeas petition under 28 U.S.C. § 2255, arguing that his convictions should be vacated because his counsel provided constitutionally ineffective assistance when he failed to challenge the mixture or substance that served as the basis for the drug-related count. The district court granted Burke relief in part, vacated the drug conviction, and ordered resentencing for the firearm count.

At resentencing, the district court again determined that Burke qualified as an armed career criminal.[2] Importantly, at the resentencing hearing, Burke did not raise the Fifth and Sixth Amendment issue related to the ACCA enhancement that he now seeks to raise on appeal. Instead, Burke argued that one of the alleged predicate offenses did not qualify as a violent felony for

carried a statutory maximum of only ten years' imprisonment. *Id.* § 924(a)(2) (2018). Notably, in 2022, Congress amended § 924 and a violation of § 922(g) without the ACCA enhancement now carries a statutory maximum of 15 years' imprisonment. *Id.* § 924(a)(8) (2022).

[2] Burke's revised PSI listed four qualifying predicate convictions from Georgia that served as the basis for the ACCA enhancement: (1) a 1994 burglary conviction; (2) a 2008 burglary conviction; (3) 2011 convictions for unlawful possession of pseudoephedrine, possession of substances with intent to manufacture controlled substances, and criminal attempt to commit a felony; and (4) 2014 convictions for possession with intent to distribute methamphetamine and possession with intent to distribute marijuana.

purposes of the ACCA, but then conceded that the ACCA enhancement was proper because Burke had three other qualifying convictions.[3]  Additionally, Burke argued for a below-guidelines sentence and asserted that the statutory minimum of 15 years' imprisonment was "certainly sufficient to punish [him] for his conduct in this case."  The district court sentenced Burke to the statutory mandatory minimum of 180 months' imprisonment, (which was below Burke's advisory guidelines range of 210 to 262 months' imprisonment), to be followed by 3 years' supervised release.  This appeal followed.

## II.    Discussion

Burke argues for the first time on appeal that the government waived application of the ACCA enhancement "by not including the different-occasions allegation in [the] indictment," and that the district court violated his Fifth and Sixth Amendment rights by imposing the sentencing enhancement where the government failed to allege in the indictment that the predicate convictions were committed on different occasions from one another and failed to submit the issue to the jury.

We generally review constitutional challenges to a defendant's sentence *de novo*.  *United States v. Bowers*, 811 F.3d 412, 430 (11th Cir. 2016).  However, where, as here, the defendant fails

---

[3]  In light of Burke's concession, the district court concluded that his objection was moot.  Nonetheless, the district court stated that, even if the court had considered the objection, it would have found that the challenged burglary conviction qualified as a violent felony.

to make a timely constitutional objection in the district court, we review the claim for plain error only. *United States v. McKinley*, 732 F.3d 1291, 1295 (11th Cir. 2013). Under this stringent standard, "there must be (1) error, (2) that is plain, and (3) that affects substantial rights. If all three conditions are met, we may then exercise our discretion to correct the error, but only if (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Id.* at 1296 (quotations and internal citation omitted). For an error to be plain, it must be "contrary to explicit statutory provisions or to on-point precedent in this Court or the Supreme Court." *United States v. Hoffman*, 710 F.3d 1228, 1232 (11th Cir. 2013) (quotations omitted).

Burke cannot show that any error, much less plain error, occurred because his claim is foreclosed by Supreme Court precedent as well as precedent from this Court. Specifically, in *Almendarez–Torres v. United States*, the Supreme Court held that, for sentencing enhancement purposes, a judge, rather than a jury, may determine "the fact of an earlier conviction." 523 U.S. 224, 226–27, 234–35 (1998). In other words, the government does not have to charge a prior conviction in the indictment or submit the fact of a prior conviction to a jury. *See id.* Thereafter, in *Apprendi v. New Jersey*, the Supreme Court held that, under the Due Process Clause of the Fourteenth Amendment[4] and the notice and jury trial guarantees of the Sixth Amendment, "[o]ther than the fact of a

---

[4] The language of the Due Process Clauses of the Fifth and Fourteenth Amendment are virtually identical.

prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 530 U.S. 466, 490 (2000); *see also Jones v. United States*, 526 U.S. 227, 243 n.6 (1999) ("[U]nder the Due Process Clause of the Fifth Amendment and the notice and jury trial guarantees of the Sixth Amendment, any fact (other than prior conviction) that increases the maximum penalty for a crime must be charged in an indictment, submitted to a jury, and proven beyond a reasonable doubt."). As is evident from the language of *Apprendi*'s holding, *Apprendi* did not alter the pre-existing rule from *Almendarez–Torres*. Subsequently, in *Alleyne v. United States*, the Supreme Court extended *Apprendi* and held that any facts that increase a mandatory-minimum sentence must be submitted to a jury and proved beyond a reasonable doubt. 570 U.S. 99, 116 (2013). But in so holding, the Supreme Court expressly declined to alter the *Almendarez–Torres* rule. *Id.* at 111 n.1 ("Because the parties do not contest [the] vitality [of *Almendarez-Torres*], we do not revisit it for purposes of our decision today.").

Thus, *Almendarez–Torres* remains a narrow exception to the rules set forth in *Apprendi* and *Alleyne*. And although there may be some tension between *Almendarez-Torres* and *Apprendi* and *Alleyne*, "we are bound to follow *Almendarez-Torres* unless and until the Supreme Court itself overrules that decision." *United States v. Smith*, 775 F.3d 1262, 1266 (11th Cir. 2014) (quotations omitted); *see also United States v. Weeks*, 711 F.3d 1255, 1259 (11th Cir. 2013), *abrogated on other grounds by Descamps v. United States*, 570 U.S. 254

22-11682                Opinion of the Court                7

(2013) ("[W]e have consistently held that *Almendarez–Torres* remains good law . . . .").

The ACCA refers to three previous qualifying predicate convictions that were "committed on occasions different from one another." 18 U.S.C. § 924(e)(1). To qualify as offenses committed on different occasions from one another under the ACCA, the offenses must be "temporally distinct" and arise from "separate and distinct criminal episode[s]." *United States v. Sneed*, 600 F.3d 1326, 1329 (11th Cir. 2010) (quotations omitted). The government bears the burden of proving by a preponderance of the evidence that the prior convictions "more likely than not arose out of separate and distinct criminal episode[s]." *United States v. McCloud*, 818 F.3d 591, 596 (11th Cir. 2016) (alteration in original) (quotations omitted). "As long as a court limits itself to *Shepard*[5]-approved sources, the court may determine both the existence of prior convictions and the factual nature of those convictions, including whether they were committed on different occasions, based on its own factual findings." *United States v. Dudley*, 5 F.4th 1249, 1259–60 (11th Cir. 2021), *cert. denied*, 142 S. Ct. 1376 (2022) (quotations omitted). Thus, "we have repeatedly rejected the argument that judicially determining whether prior convictions were committed

---

[5] *Shepard v. United States*, 544 U.S. 13, 26 (2005) (holding that when conducting certain inquires related to prior convictions courts are limited to certain judicial record evidence—charging instruments, terms of a plea agreement, or "transcript of colloquy between judge and defendant in which the factual basis for the plea was confirmed by the defendant, or to some comparable judicial record").

8                    Opinion of the Court                    22-11682

on different occasions from one another for purposes of the ACCA violates a defendant's Fifth and Sixth Amendment rights." *Id.* at 1260; *United States v. Longoria*, 874 F.3d 1278, 1283 (11th Cir. 2017); *Weeks*, 711 F.3d at 1258–60. And recently, in *Wooden v. United* States, the Supreme Court expressly declined to address "whether the Sixth Amendment requires that a jury, rather than a judge, resolve whether prior crimes occurred on a single occasion." 142 S. Ct. 1063, 1068 n.3 (2022). Accordingly, Burke's claim is foreclosed by *Almendarez-Torres*, as well as numerous decisions from this Circuit.[6] Consequently, we affirm his sentence.

---

[6] Even if not foreclosed, Burke's claim fails because he invited any error by conceding at the resentencing hearing that the ACCA enhancement was proper. Under the doctrine of invited error, we will not reverse, even for plain error, an error that the appellant induced the district court to make. *United States v. Love*, 449 F.3d 1154, 1157 (11th Cir. 2006). A defendant invites the district court to err when he "expressly acknowledge[s]" that the court may take the action of which the defendant complains on appeal. *Id.*; *United States v. Carpenter*, 803 F.3d 1224, 1236 (11th Cir. 2015).

Notwithstanding the above, even assuming there was error, Burke's claim fails on the merits because he cannot show that any error affected his substantial rights for purposes of plain error review. *See Greer v. United States*, 141 S. Ct. 2090, 2099 (2021) (explaining that "the general rule is that a constitutional error does not automatically require reversal of a conviction" (quotations omitted)); *see also United States v. King*, 751 F.3d 1268, 1279 (11th Cir. 2014) (holding that *Apprendi* and *Alleyne* errors are subject to harmless error analysis). "[A]n appellate court conducting plain-error review may consider the entire record," "including information contained in a pre-sentence report." *Greer*, 141 S. Ct. at 2098 (emphasis omitted); *United States v. Reed*, 941 F.3d 1018, 1021 (11th Cir. 2019) (explaining that we "may consult the whole record when considering the effect of any error on [the defendant's] substantial rights" (quotations omitted)). Here, the record, including the

**AFFIRMED.**

---

undisputed in statements in the PSI, establishes that each of the ACCA predicate offenses were committed years apart—*i.e.*, on different occasions from one another. Thus, based on this record, Burke cannot "show a reasonable probability that, but for the error, the outcome of the proceeding would have been different." *Molina-Martinez v. United States*, 578 U.S. 189, 194 (2016) (quotations omitted).