[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 22-13934

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

DIVAD WASHINGTON,
a.k.a. POD,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida
D.C. Docket No. 5:21-cr-00021-TKW-MJF-3

_____

Before WILSON, LAGOA, and BRASHER, Circuit Judges.

PER CURIAM:

Divad Washington appeals his federal sentence of 180-months' imprisonment following his convictions for possessing with intent to distribute 500 grams or more of methamphetamine and possessing a firearm as a felon. He argues that the district court committed reversible error by failing to note on its Judgment and Containment (J&C) Order that his total sentence in the present case should run concurrent with any sentence imposed in a case pending against him in Florida state court at the time. After careful review, we affirm.

## I.    Background

When a federal grand jury indicted Washington in July 2021, Washington already had an outstanding state warrant in Florida. Washington's warrant in Florida related to 2019 offenses for trafficking cocaine, money laundering, and using a two-way communication device to commit a felony. In January 2022, the Florida warrant was executed first, and the United States soon filed a petition for writ of habeas corpus ad prosequendum. Throughout Washington's federal proceedings, he remained primarily in state custody.

Washington pled guilty to both federal counts against him. At his sentencing hearing, all parties—including his attorney and his probation officer—were confused about whether Washington

was primarily in state or federal custody. At the hearing, the Government raised the issue of Washington's pending state charges and explained the court's discretion about whether its federal sentence would run concurrent and coterminous with a potential state sentence. Whereas the Government believed Washington was "[e]ssentially" in primary state custody, Washington's defense attorney was initially unsure.

Washington's probation officer believed Washington was in primary federal custody, and Washington's attorney believed Washington was in federal custody based on Washington's own belief that he was in federal custody. Further, Washington's attorney was unable to reach Washington's state court defense attorney and instead relied on Washington's belief he would get time-served on his state charges. Based on these statements, the district court noted that it had "no particular concern with whether" the federal and potential state sentences "run concurrent, even though they're separate and probably could justify running them consecutive." The transcript shows the district court judge later stated that the two sentences "can run concurrent or consecutive, however the state court wants to do it." The J&C does not include this language or state anything about concurrent or consecutive sentences.

## II.    Standard of Review

We normally review a district court's sentencing decisions, including whether to impose a concurrent or consecutive sentence, under a deferential abuse-of-discretion standard. *Gall v. United*

*States*, 552 U.S. 38, 41 (2007); *United States v. Gomez*, 955 F.3d 1250, 1255 (11th Cir. 2020) (per curiam).  However, issues raised for the first time on appeal are reviewed for plain error.  *United States v. Longoria*, 874 F.3d 1278, 1281 (11th Cir. 2017) (per curiam).  To show plain error, a defendant must demonstrate: "(1) an error; (2) that was obvious; (3) that affected the defendant's substantial rights; and (4) that seriously affected the fairness, integrity, or public reputation of judicial proceedings."  *United States v. Dudley*, 5 F.4th 1249, 1255 (11th Cir. 2021), *cert. denied*, 142 S. Ct. 1376 (2022).

An error is plain if it is "clear or obvious, rather than subject to reasonable dispute."  *Puckett v. United States*, 556 U.S. 129, 135 (2009).  To show that an error affected his substantial rights, a defendant "must 'show a reasonable probability that, but for the error,' the outcome of the proceeding would have been different."  *Molina-Martinez v. United States*, 578 U.S. 189, 194 (2016) (quoting *United States v. Dominguez Benitez*, 542 U.S. 74, 83 (2004)).

## III.    Analysis

District courts generally have "discretion to select whether the sentences they impose will run concurrently or consecutively with respect to other sentences."  *Setser v. United States*, 566 U.S. 231, 236–37 (2012); *see* 18 U.S.C. § 3584(a).  District courts can impose a federal sentence consecutive to an unrelated state court sentence not yet imposed for pending charges.  *See United States v. Ballard*, 6 F.3d 1502, 1507 (11th Cir. 1993).  Multiple terms of imprisonment imposed at the same time will default to running

concurrently. 18 U.S.C. § 3584(a). Multiple terms of imprisonment imposed at different times will default to running consecutively. *Id.* After pronouncement of a sentence by a federal court, the Attorney General, through the Bureau of Prisons (BOP), has the authority to compute and administer the defendant's sentence. *See* 18 U.S.C. § 3621(a).

On appeal, Washington argues that it was reversible error for the district court to fail to include language in the J&C to reflect the court's statement at sentencing that the federal and state sentences could be either concurrent or consecutive. Washington posits that without the J&C explicitly stating that the sentences could be concurrent, the state court lacked jurisdiction to impose a concurrent sentence for BOP to follow. Because Washington did not object to anything at the sentencing hearing, this argument is new on appeal, and we review it for plain error.

We conclude that the district court did not err by refusing to state whether Washington's total sentence should run consecutively or concurrently with a sentence that might be imposed in the future in his state court case. The district court was entitled to exercise discretion in deciding the concurrent or consecutive nature of the federal sentence with the anticipated state sentence. *See* 18 U.S.C. § 3584(a); *Setser*, 566 U.S. at 236–37. The court was not required to set his total sentence to run concurrently under the circumstances present here. *See* 18 U.S.C. § 3584(a). Thus, the court did not commit an error by declining to

include in its order that the total sentence would run concurrently with his anticipated state court sentence.

The statements from the sentencing hearing do not change our conclusion. The transcript shows general confusion at the sentencing hearing about whether Washington was primarily in state or federal custody. Washington's attorney repeatedly and incorrectly stated that Washington was in primary federal custody. Even if we labeled this as a court error, Washington has not satisfied his burden on other prongs of the plain error standard. The third prong requires showing that "but-for" an error, the outcome of a case would be different. *See Molina-Martinez*, 578 U.S. at 193. At the federal sentencing hearing, Washington's belief that his state sentence would only be for time already served came up together with his belief that he was in federal custody. Washington has not demonstrated that but-for the custody confusion, the content of the J&C order and outcome of the proceeding would differ from the actual result.

For the reasons discussed above, the district court did not commit plain error by not mentioning in the J&C order whether Washington's federal sentence would run concurrently or consecutively with his pending state sentence.

**AFFIRMED.**