[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 22-12014

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

GREGORY LEE CAUSEY,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia
D.C. Docket No. 4:19-cr-00036-AT-WEJ-1

_____

Before NEWSOM, ABUDU, and ANDERSON, Circuit Judges.

PER CURIAM:

Gregory Causey appeals his conviction and 180-month sentence for possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). He initially argues, for the first time on appeal, that § 922(g)(1) violates the Second Amendment on its face and as applied to him under the Supreme Court's decision in *New York State Rifle & Pistol Association v. Bruen*, 142 S. Ct. 2111 (2022). Next, he contends, also for the first time on appeal, that the enhancement to his sentence under the Armed Career Criminal Act ("ACCA") violated the Fifth and Sixth Amendments because the "occasions different" requirement for that enhancement was not adequately established. Finally, he argues that his sentence is procedurally unreasonable because the district court erroneously enhanced his sentence under the ACCA based on its finding that his prior Georgia burglary convictions were crimes of violence. After review, we affirm.

## I.    FACTUAL    BACKGROUND    &    PROCEDURAL HISTORY

In June 2019, a federal grand jury indicted Causey with possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e). Causey pled guilty to the single count of the indictment, which the court accepted. However, at the change-of-plea hearing, Causey explained that, while he was pleading

guilty to § 922(g)(1), he planned to challenge any sentence enhancement under 924(e).

Before sentencing, a probation officer prepared Causey's presentence investigation report ("PSI"), which outlined Causey's offense conduct. According to the PSI, in September 2018, Polk County Sheriff's Office deputies traveled to a residence to serve Causey with a felony state probation arrest warrant. Deputies found Causey at the residence and, after performing a pat down, discovered a loaded handgun in his rear pocket.

The PSI then calculated Causey's offense level, setting his initial base offense level at 14 under U.S.S.G. § 2K2.1(a)(6)(A). The PSI then increased the base offense level to 33 under U.S.S.G. § 4B1.4(b)(3)(B) because Causey was convicted under § 922(g) and had at least three prior convictions for a violent felony or serious drug offense which were committed on different occasions, meaning he was an "armed career criminal" subject to an enhanced sentence under § 924(e). The PSI noted that Causey had six violent felonies, specifically burglaries that he committed on different occasions. Although the burglary convictions did not qualify as "crimes of violence" under U.S.S.G. § 4B1.2, they qualified as "violent felonies" under § 924(e) because burglary is an offense enumerated in that statute. The PSI then applied a three-level reduction for acceptance of responsibility, resulting in a total offense level of 30.

The PSI then detailed Causey's criminal history and determined that he had a total criminal history score of 28, placing Causey in criminal history category VI. His criminal history included

the following offenses.  On October 20, 1998, Causey pled guilty to, among other crimes, four counts of burglary.  The description of the offenses stated that, on February 17, May 15, May 16, and May 18, 1998, Causey "unlawfully and without authority and with the intent to commit a theft therein, entered and remained within the dwelling house of" four different individuals at four distinct addresses across Georgia.  Then, years later, on January 14, 2014, Causey pled guilty to, among other crimes, two counts of first-degree burglary.  The description of the offenses stated that, on February 15 and March 20, 2013, Causey "unlawfully without authority and with the intent to commit a theft therein, entered the dwelling house" of another, both at the same address.  Based on a total offense level of 30 and a criminal history category of VI, the PSI calculated Causey's guideline range as 180 to 210 months' imprisonment.

Causey then objected to his classification as an armed career criminal under both § 924(e) and U.S.S.G. § 4B1.2.  He contended that his burglary convictions were not violent felonies.  He asserted that the Georgia burglary statute was broader than the generic federal definition of burglary because the generic definition of burglary required a defendant to possess the intent to commit a crime at the moment of entry, whereas Georgia burglary did not require intent to be formed at the precise moment of entry and could be formed while the perpetrator remained on the premises.  He further argued that the Georgia burglary statute was indivisible, notwithstanding our decision in *United States v. Gundy*, 842 F.3d 1156 (11th Cir. 2016), and other out-of-circuit cases.  He concluded that,

because he did not qualify as an armed career criminal under the ACCA, his base offense level should be 14, and his guideline sentencing range should be 30 to 37 months' imprisonment.

The government opposed Causey's objection, asserting that the district court was required under *Gundy* to consider Causey's Georgia burglary convictions as violent felonies under the ACCA. At Causey's sentencing hearing, the district court ordered additional briefing on the sentencing issue Causey raised. In response, the government reasserted its prior arguments and also argued that, even if *Gundy* did not apply to Causey's sentencing determination, the court should still reject Causey's argument based on *Quarles v. United States*, 139 S. Ct. 1872 (2019), in which the Supreme Court held that "remaining-in burglary" occurred when the defendant formed the intent to commit a crime at any time while unlawfully present in a building or structure. Causey also reasserted his prior arguments and additionally contended that *Quarles* did not foreclose his position.

At the second sentencing hearing, the district court held that it was bound by *Gundy* and *Quarles*, and overruled Causey's objections to the PSI. Notably, the district court made no explicit finding that Causey had at least three violent felony convictions that occurred on separate occasions when overruling the objections. Nevertheless, the court found that Causey's total offense level was 30 and that his criminal history category was VI, meaning his guideline range was 180 to 210 months' imprisonment. After hearing additional arguments related to the 18 U.S.C. § 3553(a) sentencing

factors, the district court sentenced Causey to 180 months' imprisonment to be followed by 3 years' supervised release. Causey now appeals.

## II.    STANDARDS OF REVIEW

We review *de novo* whether a statute is constitutional. *United States v. Wright*, 607 F.3d 708, 715 (11th Cir. 2010). However, if such argument is raised for the first time on appeal, we review it for plain error. *Id.* "Plain error occurs if (1) there was error, (2) that was plain, (3) that affected the defendant's substantial rights," which (4) "seriously affected the fairness, integrity, or public reputation of judicial proceedings." *Id.* (internal quotation marks omitted). An error is only plain if it is contrary to a federal statute or on-point precedent from this Court or the U.S. Supreme Court. *United States v. Hoffman*, 710 F.3d 1228, 1232 (11th Cir. 2013).

We review *de novo* constitutional challenges to a sentence and whether prior offenses meet the ACCA's "different-occasions" requirement. *United States v. Longoria*, 874 F.3d 1278, 1281 (11th Cir. 2017). Again, however, if these arguments are raised for the first time on appeal, they are reviewed for plain error. *Id.* To show that an error in applying an ACCA enhancement affected a defendant's substantial rights, he must show that "there is a reasonable probability that he would have received a lighter sentence but for the error." *United States v. Jones*, 743 F.3d 826, 830 (11th Cir. 2014) (internal quotation marks omitted).

We review *de novo* whether a particular conviction is a violent felony for ACCA purposes. *Gundy*, 842 F.3d at 1160. We review

for an abuse of discretion whether a sentence is procedurally reasonable. *United States v. Villarreal*, 613 F.3d 1344, 1357 (11th Cir. 2010). Finally, the district court's factual findings related to the imposition of a sentencing enhancement are reviewed for clear error. *Id.* at 1357-58. A factual finding is clearly erroneous when, although evidence supports it, we are left with a definite and firm conviction that the district court made a mistake. *Id.* at 1358. "The party challenging the sentence bears the burden of showing that it is unreasonable." *United States v. Trailer*, 827 F.3d 933, 936 (11th Cir. 2016).

### III.   ANALYSIS

#### A. *Convictions Under § 922(g)(1) Do Not Violate the Second Amendment.*

On appeal, Causey argues, for the first time, that his § 922(g)(1) conviction violates the Second Amendment on its face and as applied to him. His contention fails. In *United States v. DuBois*, 94 F.4th 1284, 1291-93 (11th Cir. 2024), we explicitly rejected this argument and ruled that our prior precedent in *United States v. Rozier*, 598 F.3d 768 (11th Cir. 2010), in which we upheld the constitutionality of § 922(g)(1), remains good law. *See Smith v. GTE Corp.*, 236 F.3d 1292, 1300 n.8 (11th Cir. 2001) ("Under the well-established prior panel precedent rule of this Circuit, the holding of the first panel to address an issue is the law of this Circuit, thereby binding all subsequent panels unless and until the first panel's holding is overruled by the Court sitting en banc or by the Supreme Court." (citing *Cargill v. Turpin*, 120 F.3d 1366, 1386 (11th Cir. 1997))). Thus,

§ 922(g)(1) does not violate the Second Amendment, and we affirm Causey's § 922(g)(1) conviction.

### B. Causey is Not Entitled to Relief on his Fifth and Sixth Amendment Claims Under Plain Error Review.

Under the ACCA, when a defendant violates § 922(g)(1), and the defendant already has three convictions for violent felonies, the defendant is subject to a sentencing enhancement which requires the district court to impose a minimum sentence of 15 years. 18 U.S.C. § 924(e)(1); *see also Longoria*, 874 F.3d at 1281. Importantly, for § 924(e)(1) to apply, the three violent felony convictions must have been committed on "occasions different from one another." *Wooden v. United States*, 595 U.S. 360, 368 (2022) (quoting 18 U.S.C. § 924(e)).

The government bears the burden of proving by a preponderance of the evidence that the defendant's prior convictions were committed on different occasions from one another. *United States v. McCloud*, 818 F.3d 591, 595 (11th Cir. 2016). The inquiry for determining whether offenses occurred on a single or separate occasion is "multi-factored," requiring consideration of the timing of the offenses, the "[p]roximity of location," and "the character and relationship of the offenses." *Wooden*, 595 U.S. at 369. The crimes must have been successive, not simultaneous, meaning the defendant had an opportunity to stop his criminal activity before committing the next offense. *McCloud*, 818 F.3d at 595. Distinctions in the timing and location of the events are central to this inquiry. *Id.*

Under the Fifth and Sixth Amendments, "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000). However, the district court may determine on its own "whether prior convictions were committed on different occasions from one another for purposes of the ACCA" in accordance with the Fifth and Sixth Amendments. *United States v. Dudley*, 5 F.4th 1249, 1260 (2021). When making such a determination, the court is limited to *Shepard*[1]-approved sources, such as the charging document, terms of the plea agreement, or transcript of the plea colloquy in which the defendant confirmed the factual basis of his conviction, or some comparable judicial record. *Id.* at 1258-59. Importantly, the failure to object to facts within the PSI serves as an admission to those facts for the purposes of sentencing. *United States v. Wade*, 458 F.3d 1273, 1277 (11th Cir. 2006).

On appeal, Causey argues—for the first time—that the district court plainly erred in applying the ACCA enhancement to his sentence because the "occasions different" requirement was not charged in the indictment, found by the district court, or admitted in the guilty plea, thereby violating the Fifth and Sixth Amendments. He asserts that his four 1998 burglaries, and his two 2013 burglaries, should not be deemed as six distinct violent crimes, but

---

[1] *Shepard v. United States*, 544 U.S. 13 (2005).

should be considered two violent crimes, thus making him ineligible for the ACCA enhancement.

Here, the district court plainly violated the Fifth and Sixth Amendments by applying the ACCA enhancement without finding that Causey had at least three violent felony convictions that each occurred on a separate occasion. *Longoria*, 874 F.3d at 1281. Although the district court concluded that Causey's prior burglaries constituted violent felonies, it never made any discrete finding as to whether they occurred on separate occasions, as was required before it could impose the ACCA enhancement. *Wooden*, 595 U.S. at 368. This error was plain because there is controlling precedent stating that the government must prove, and the court must find, that the predicate offenses occurred on separate occasions for the ACCA enhancement to apply. *McCloud*, 818 F.3d at 595; *Wooden*, 595 U.S. at 368.

Nevertheless, Causey is not entitled to relief because has not shown that this plain error affected his substantial rights, *i.e.*, that "there is a reasonable probability that he would have received a lighter sentence but for the error." *Jones*, 743 F.3d at 830. Upon a *de novo* review, Causey's 1998 and 2013 burglaries constituted at least three separate burglaries that occurred on different occasions for purposes of the ACCA enhancement. *Longoria*, 874 F.3d at 1281.

Although Causey objected to the ACCA enhancement in the PSI, he did not object to any of the burglaries that the court determined to be violent felonies for ACCA purposes, meaning he

agreed with the district court's findings for purposes of sentencing. *Wade*, 458 F.3d at 1277.  While the 1998 burglaries occurred within a few days of each other and the two 2013 burglaries happened at the same location, each of the 1998 burglaries occurred at different locations and on different days, and the 2013 burglaries occurred approximately one month apart.  Additionally, the fourth 1998 burglary occurred approximately three months before the three others in that year, and also occurred at a location different from the other three.  Even if the May 1998 burglaries and both 2013 burglaries were counted as a single occurrence, the February 1998 burglary certainly occurred on a separate occasion due to its multiple-month distance in time from the other 1998 burglaries.  Causey's multiple criminal acts of burglary support the conclusion that Causey had the requisite number of violent felonies to subject him to the ACCA enhancement.  *Wooden*, 595 U.S. at 369; *McCloud*, 818 F.3d at 595.  As such, we find no reversible error on this claim.

### C.  Causey's Sentence is Procedurally Reasonable.

On appeal, Causey contends that his sentence is procedurally unreasonable because the district court erroneously applied the ACCA enhancement, mainly contending that *Gundy* and *Quarles* were wrongly decided.  However, he acknowledges that we are foreclosed from granting relief on this issue under the prior panel precedent rule. *See Smith*, 236 F.3d at 1300 n.8.

A district court imposes a procedurally unreasonable sentence when it either fails to calculate or improperly calculates a defendant's sentencing guidelines range, treats the guidelines as

mandatory, fails to consider the § 3553(a) factors, bases the sentence on clearly erroneous facts, or fails to adequately explain its chosen sentence. *Gall v. United States*, 552 U.S. 38, 51 (2007). The ACCA states that a "violent felony" is, among other things, a "burglary, . . . or otherwise involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B)(ii). A conviction qualifies as a violent felony under subsection (ii) "if [the statute of conviction's] elements are the same as, or narrower than, those of the generic offense." *Gundy*, 842 F.3d at 1161. Under Georgia law, a person commits a burglary in the first degree when, "without authority and with the intent to commit a felony or theft therein, he . . . enters or remains within . . . [the] dwelling house of another or any building, . . . or other such structure designed for use as the dwelling of another." O.C.G.A. § 16-7-1(b). The generic definition of burglary is an unlawful or unprivileged entry into, or remaining in, a building or other structure, with intent to commit a crime. *Gundy*, 842 F.3d at 1164.

In *Gundy*, we considered whether a defendant's prior Georgia burglary convictions qualified as violent felonies under the ACCA. *Id.* at 1160. We first held that the locational elements of Georgia's burglary statute were alternative elements, meaning the statute was divisible. *Id.* at 1167-68. Then, after determining that the defendant's prior burglary convictions involved "dwelling houses," we held that the elements of dwelling house burglary "substantially conform to the generic definition of burglary," and the defendant's "burglary convictions qualify as violent felonies under the ACCA's enumerated crimes clause." *Id.* at 1168-69.

In *Quarles*, the Supreme Court held "that generic remaining-in burglary occurs when the defendant forms the intent to commit a crime at any time while unlawfully remaining in a building or structure." 139 S. Ct. at 1880. Thus, a state statute criminalizing a defendant's unlawful remainder inside the dwelling house of another substantially corresponds to generic burglary, meaning such state conviction qualifies as a violent felony under § 924(e)(2)(B)(ii). *Id.* at 1879-80.

Here, Causey's sentence is not procedurally unreasonable because, in accordance with our holding in *Gundy*, his prior Georgia convictions for dwelling house burglary were crimes of violence under § 924(e)(2)(B)(ii). *Gundy*, 842 F.3d at 1168-69. This conclusion is further supported by the holding in *Quarles*, which also confirms that remaining-in burglary qualifies as a "violent felony" under § 924(e)(2)(B)(ii), which is directly applicable to the current case. *United States v. Johnson*, 921 F.3d 991, 1001 (11th Cir. 2019) (explaining that we are bound to apply Supreme Court precedent when it has a direct application to the issue at hand). As such, the district court did not err when it imposed the ACCA enhancement in calculating Causey's guideline range, and his sentence is procedurally reasonable.

## IV. CONCLUSION

For the reasons stated above, Causey's conviction and sentence are **AFFIRMED.**