**NOT FOR PUBLICATION**

# In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 24-10819

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*versus*

DIMONTARIO L. HOPPS,

*Defendant-Appellant.*

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 8:23-cr-00135-SDM-TGW-1

_____

Before ROSENBAUM, BRANCH, and ABUDU, Circuit Judges.

PER CURIAM:

Dimontario Hopps appeals his convictions on two counts of possession of a firearm and ammunition by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(8). He argues that

§ 922(g)(1) is unconstitutional under the Commerce Clause and the Second Amendment.  Because both of his claims are squarely foreclosed by precedent, we affirm.

## I .   Background

In 2023, Hopps entered an open guilty plea to two counts of being a felon in possession of a firearm and ammunition.  The day before sentencing, however, Hopps moved to dismiss the indictment, arguing that § 922(g) was unconstitutional under the Second Amendment, both facially and as applied to him, in light of the Supreme Court's decision in *New York State Rifle & Pistol Association, Inc. v. Bruen*, 597 U.S. 1 (2022).  The district court denied the motion to dismiss, concluding that (1) it was untimely, and (2) the Supreme Court's decision in *District of Columbia v. Heller*, 554 U.S. 570 (2008), and this Court's decision in *United States v. Rozier*, 598 F.3d 768 (11th Cir. 2010), compelled the conclusion that § 922(g)(1) remained constitutional post-*Bruen*.  The district court then sentenced Hopps to a total of 103 months' imprisonment, followed by 3 years of supervised release.  This appeal followed.

## II.   Discussion

Hopps argues for the first time on appeal that § 922(g)(1) is unconstitutional under the Commerce Clause.  Additionally, he

24-10819                Opinion of the Court                3

argues that § 922(g) is unconstitutional under the Second Amendment.[1]  We address each argument in turn.

### A.  Commerce Clause Claim

For the first time on appeal, Hopps argues that § 922(g)(1) violates the Commerce Clause[2] both facially and as applied because his firearm possession was completely intrastate.  He concedes that this claim is subject to plain error review and is foreclosed by this Court's binding precedent, and he merely seeks to preserve the claim for further review.

We generally review the constitutionality of a statute *de novo*.  *United States v. Wright*, 607 F.3d 708, 715 (11th Cir. 2010).  However, when, as here, a defendant raises a constitutional challenge for the first time on appeal, we review only for plain error.  *Id.*  To prevail on plain error review, Hopps must show "(1) an error (2) that is plain and (3) that has affected [his] substantial rights."  *United States v. Madden*, 733 F.3d 1314, 1320 (11th Cir. 2013).  If these prongs are met, "then [we] may exercise [our] discretion to correct the error if (4) the error seriously affect[ed] the fairness, integrity or public reputation of judicial proceedings."  *Id.* (quotations omitted).

---

[1] We note that a criminal defendant's guilty plea does not bar a subsequent constitutional challenge to the statute of conviction.  *See Class v. United States*, 583 U.S. 174, 178 (2018).

[2] The Commerce Clause provides that "Congress shall have Power . . . [t]o regulate Commerce with foreign Nations, and among the several States, and with the Indian Tribes; . . . ."  U.S. Const. art. I, § 8, cl. 3.

We have repeatedly upheld § 922(g)(1) against facial and as-applied challenges based on the Commerce Clause. *See United States v. McAllister*, 77 F.3d 387, 389–90 (11th Cir. 1996) (rejecting facial and as-applied challenge to § 922(g), and upholding it as a valid exercise of Congress's power under the Commerce Clause); *United States v. Scott*, 263 F.3d 1270, 1274 (11th Cir. 2001) (reaffirming holding in *McAllister*); *see also United States v. Longoria*, 874 F.3d 1278, 1283 (11th Cir. 2017) (same), *abrogated in part on other grounds by Erlinger v. United States*, 602 U.S. 821 (2024). As Hopps acknowledges, we are bound by those decisions. *See United States v. White*, 837 F.3d 1225, 1229 (11th Cir. 2016) ("[W]e are bound to follow a prior binding precedent unless and until it is overruled by this court en banc or by the Supreme Court. (quotations omitted)). Accordingly, he is not entitled to relief on this claim.

### B. *Second Amendment Claim*

Hopps argues that § 922(g)(1) is facially unconstitutional under the Second Amendment[3] because there is no American tradition of disarming felons, citing the Supreme Court's decision in *Bruen* and *United States v. Rahimi*, 602 U.S. 680 (2024).[4] He acknowledges that this claim is squarely foreclosed by our decision in *United States v. Dubois*, 94 F.4th 1284 (11th Cir. 2024), *judgment*

---

[3] The Second Amendment provides that, "[a] well regulated Militia, being necessary to the security of a free State, the right of the people to keep and bear Arms, shall not be infringed." U.S. Const. amend. II.

[4] Hopps does not raise an as-applied challenge to § 922(g) based on the Second Amendment.

24-10819                Opinion of the Court                5

*vacated*, 145 S. Ct. 1041 (2025), *opinion reinstated by* 139 F.4th 887 (11th Cir. 2025).    Specifically, we have previously held that § 922(g)(1) was constitutional under the Second Amendment and that "statutes disqualifying felons from possessing a firearm under any and all circumstances do not offend the Second Amendment." *United States v. Rozier*, 598 F.3d 768, 771 (11th Cir. 2010).    And in *Dubois*, we held that neither *Rahimi* nor *Bruen* abrogated our decision in *Rozier*. *Dubois*, 139 F.4th at 892–94.    Accordingly, Hopps is not entitled to relief on this claim.

    **AFFIRMED.**