**NOT FOR PUBLICATION**

In the

United States Court of Appeals

For the Eleventh Circuit

————————————

No. 22-11841

Non-Argument Calendar

————————————

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*versus*

SAMUEL STOREY,

*Defendant-Appellant.*

————————————

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 8:21-cr-00048-KKM-TGW-1

————————————

Before ROSENBAUM, LUCK, and ABUDU, Circuit Judges.

PER CURIAM:

Samuel Storey pleaded guilty to possessing a firearm as a felon, in violation of 18 U.S.C. section 922(g)(1). The district court imposed a sentence (enhanced under the Armed Career Criminal

Act) of 204 months' imprisonment. Storey now appeals his conviction and sentence. He makes four arguments on appeal: (1) section 922(g)(1) is an overstep of Congress's Commerce Clause authority; (2) section 922(g)(1) is unconstitutional under the Second Amendment; (3) the district court committed an *Erlinger v. United States*, 602 U.S. 821 (2024), error by finding his prior convictions were committed on different occasions under the Armed Career Criminal Act; and (4) his prior state convictions were too overbroad to support an Armed Career Criminal Act enhancement. After careful consideration, we affirm.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

In August 2022, Storey was arrested for pointing a gun at someone in a store and demanding money. Storey later told law enforcement that he knew he was not legally allowed to possess a gun because he was a felon. A grand jury indicted Storey under 18 U.S.C. sections 922(g)(1) and 924(e) for possessing a firearm as a felon.

Storey moved to dismiss the indictment. He argued that 18 U.S.C. section 922(g)(1) exceeded Congress's authority under the Commerce Clause because mere possession of a firearm did not substantially affect interstate commerce. The district court denied the motion, explaining that our precedent barred Storey's argument. Storey then pleaded guilty without a plea agreement.

The probation office prepared a presentence investigation report that found Storey had three prior Florida felony convictions for cocaine-related offenses under Florida Statutes section

893.13(1)(a).  For the first prior conviction, Storey pleaded nolo contendere to selling cocaine and was adjudicated guilty on June 22, 1999.  Roughly a year and a half later, Storey was again charged with selling cocaine.  He again pleaded nolo contendere and was adjudicated guilty on September 8, 2000.  Five years later, Storey was charged with possessing cocaine with intent to deliver.  He pleaded nolo contendere and was adjudicated guilty on October 28, 2005.

The Armed Career Criminal Act imposes a mandatory minimum sentence of 180 months' imprisonment if an offender violates section 922(g)(1) and has three prior convictions for serious drug offenses.  *See* 18 U.S.C. § 924(e)(1).  Based on Storey's prior cocaine-related convictions, the probation office applied an Armed Career Criminal Act enhancement.  *See id*; U.S.S.G. § 4B1.1.  The probation office calculated a guideline sentence range of 188 to 235 months' imprisonment.

Storey objected to the Armed Career Criminal Act enhancement on two grounds.  First, he argued that the district court could not rely on non-elemental facts from *Shepard v. United States* documents—*i.e.* the "charging document, the terms of a plea agreement, [the] transcript of [a plea] colloquy . . . [or] some comparable judicial record"—to determine that his prior offenses occurred on different occasions.  544 U.S. 13, 26 (2005).  Second, he asserted that his prior convictions were not "serious drug offenses" under the Armed Career Criminal Act because Florida Statutes section 893.13(1)(a) criminalized broader conduct than that covered by the

federal statute.  *See* 18 U.S.C. § 924(e)(1).  Without the Armed Career Criminal Act enhancement, Storey's guideline range would have been 41 to 51 months' imprisonment.

The district court overruled Storey's objections and sentenced him to 204 months' imprisonment.  Storey appeals his conviction and sentence.

## STANDARD OF REVIEW

We review de novo challenges to the constitutionality of both a statute and a sentence.  *See United States v. Lebowitz*, 676 F.3d 1000, 1012 (11th Cir. 2012) ("We review de novo a challenge to a statute's constitutionality."); *United States v. Smith*, 775 F.3d at 1265 ("We review de novo constitutional sentencing issues.") (cleaned up).  That said, when a constitutional challenge is raised for the first time on appeal, we review only for plain error.  *United States v. Wright*, 607 F.3d 708, 715 (11th Cir. 2010) ("[W]e review Wright's challenge regarding the constitutionality of [section] 922(g) for plain error because he raises it for the first time on appeal.").  And we review "de novo whether a conviction qualifies as a serious drug offense under the [Armed Career Criminal Act]." *United States v. White*, 837 F.3d 1225, 1228 (11th Cir. 2016).  "When we conduct our review, federal law binds our construction of [the Act], and state law governs our analysis of elements of state-law crimes." *United States v. Jackson*, 55 F.4th 846, 850 (11th Cir. 2022).

## DISCUSSION

Storey raises four issues on appeal.  First, he contends that 18 U.S.C. section 922(g)(1)—which prohibits felons from possessing a firearm that has traveled in interstate commerce—is unconstitutional because it oversteps Congress's authority under the Commerce Clause.  Second, he asserts that section 922(g)(1) is unconstitutional under the Second Amendment.  Third, he argues that the district court committed an *Erlinger* error by finding that his prior convictions occurred on different occasions under the Armed Career Criminal Act.  Fourth, he maintains that his prior cocaine-related convictions do not qualify as serious drug offenses under the Armed Career Criminal Act because at the time he was convicted Florida law included a broader definition of cocaine than federal law.  We address each argument in turn.

### *Commerce Clause*

Relying on the Supreme Court's decisions in *United States v. Lopez*, 514 U.S. 549 (1995), and *United States v. Morrison*, 529 U.S. 598 (2000), Storey argues that section 922(g)(1) is unconstitutional because it exceeds Congress's authority to regulate interstate commerce.  But, as Storey concedes, this argument is expressly foreclosed by our precedent because "[w]e have clearly held that [section] 922(g) is constitutional under the Commerce Clause." *United States v. Longoria*, 874 F.3d 1278, 1283 (11th Cir. 2017), *abrogated on other grounds by Erlinger*, 602 U.S. 821; *see also Wright*, 607 F.3d at 715–16 (11th Cir. 2010) (rejecting constitutional challenge to section 922(g) based on the Commerce Clause); *United States v.*

*McAllister*, 77 F.3d 387, 390 (11th Cir. 1996) (rejecting constitutional challenge to section 922(g) based on *Lopez*); *United States v. Scott*, 263 F.3d 1270, 1273 (11th Cir. 2001) (rejecting constitutional challenge to section 922(g) based on *Morrison*).

Under our "prior-panel-precedent rule, 'a prior panel's holding is binding on all subsequent panels unless and until it is overruled or undermined to the point of abrogation by the Supreme Court or by this court sitting en banc.'" *In re Lambrix*, 776 F.3d 789, 794 (11th Cir. 2015) (quoting *United States v. Archer*, 531 F.3d 1347, 1352 (11th Cir. 2008)). The rule applies "regardless of whether the later panel believes the prior panel's opinion to be correct." *United States v. Gillis*, 938 F.3d 1181, 1198 (11th Cir. 2019). Storey points to no intervening Supreme Court decision on section 922(g)(1)'s constitutionality, and we have not revisited the issue en banc. Thus, the prior-panel-precedent rule "clearly governs—and forecloses—this ground." *White*, 837 F.3d at 1231.

### Second Amendment

Storey next contends that section 922(g)(1) is unconstitutional under the Second Amendment considering the Supreme Court's recent decisions in *New York State Rifle & Pistol Association v. Bruen*, 597 U.S. 1 (2022), and *United States v. Rahimi*, 602 U.S. 680 (2024). Because Storey did not raise a Second Amendment challenge below, we review only for plain error. *Wright*, 607 F.3d at 715.

"Under plain-error review, the defendant has the burden to show that there is (1) error (2) that is plain and (3) that affects

substantial rights." *United States v. Monroe*, 353 F.3d 1346, 1350 (11th Cir. 2003) (cleaned up). "[I]f the first three prongs are satisfied, we may exercise discretion to correct the error if (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." *United States v. Madden*, 733 F.3d 1314, 1322 (11th Cir. 2013).

Storey has not shown either of the first two prongs. "An error is plain if 'the explicit language of a statute or rule or precedent from the Supreme Court or this [c]ourt directly resolves the issue' and establishes that an error has occurred." *United States v. Boone*, 97 F.4th 1331, 1339 (11th Cir. 2024) (quoting *United States v. Innocent*, 977 F.3d 1077, 1081 (11th Cir. 2020)). Neither *Bruen* nor *Rahimi* declare section 922(g)(1) unconstitutional, and we have upheld the statute as constitutional under the Second Amendment. *See United States v. Rozier*, 598 F.3d 768, 772 (11th Cir. 2010) ("We find [section] 922(g)(1) is a constitutional restriction on Rozier's Second Amendment right."); *see also United States v. Dubois*, 139 F.4th 887, 894 (11th Cir. 2025) ("*Rozier* continues to bind us, so Dubois's challenge based on the Second Amendment fails.). Because Storey has not demonstrated plain error, he is not entitled to reversal on this ground.

### *Erlinger Error*

Storey's *Erlinger* argument falls short because, while there was error, it was harmless. In *Erlinger*, the Supreme Court held "that judicial factfinding by a preponderance of the evidence that a defendant has three [Armed Career Criminal Act] predicate

convictions committed on different occasions violates the Fifth Amendment's guarantee of due process of law and the Sixth Amendment's guarantee to a jury trial." *United States v. Rivers*, 134 F.4th 1292, 1305 (11th Cir. 2025) (citing *Erlinger*, 602 U.S. at 830, 833, 835). Whether a defendant's prior convictions occurred on different occasions, the Supreme Court explained, must either be freely admitted by the defendant in a guilty plea or determined by a jury beyond a reasonable doubt. *Id.*

Both Storey and the government agree that the district court committed an *Erlinger* error because it determined that Storey's prior cocaine-related offenses occurred on different occasions and accordingly enhanced his sentence under the Act. Both parties ask us to reverse Storey's sentence and remand for resentencing without the Armed Career Criminal Act enhancement. While we agree the district court committed an *Erlinger* error by finding that Storey's prior offenses occurred on different occasions, we disagree that reversal is warranted.

We recently held that *Erlinger* errors are not structural, and thus, they are subject to harmless-error review. *See Rivers*, 134 F.4th at 1305. The Supreme Court has "repeatedly reaffirmed the principle that an otherwise valid conviction should not be set aside if the reviewing court may confidently say, on the whole record, that the constitutional error was harmless beyond a reasonable doubt." *Rose v. Clark*, 478 U.S. 570, 577 (1986) (citation omitted).[1]

---

[1] While it was an *Erlinger* error for the district court to rely on the record to determine that Storey's prior offenses occurred on different occasions, we may

Normally, "on harmless-error review, the government bears the burden of showing beyond a reasonable doubt that a rational jury would have found that the defendant's prior drug offenses all were 'committed on occasions different from one another.'" *Rivers*, 134 F.4th at 1306 (quoting 18 U.S.C. § 924(e)).  The government failed to carry its burden because it does not argue that the *Erlinger* error was harmless.  "But under our precedent that is not necessarily the end of the matter.  We have the discretion to sua sponte determine whether an error is harmless."  *United States v. Graham*, 123 F.4th 1197, 1272 (11th Cir. 2024).  That said, we will only consider issues not raised by a party in "extraordinary circumstances."  *Id.* (quoting *United States v. Campbell*, 26 F.4th 860, 872 (11th Cir. 2022) (en banc)).  One such circumstance is when "the proper resolution is beyond any doubt."  *Campbell*, 26 F.4th at 873.

Here, it is "patently obvious" that Storey's prior cocaine offenses occurred on different occasions.  *Graham*, 123 F.4th at 1272 (quoting *United States v. Adams*, 1 F.3d 1566, 1576 (11th Cir. 1993)).  The Supreme Court has explained that "occasion," in the context of the Armed Career Criminal Act, ordinarily means "an event or episode—which may, in common usage, include temporally

---

examine the whole record—including the relevant *Shepard* documents—for the purposes of harmless-error review.  *See Rivers*, 134 F.4th at 1305–06 (holding that *Erlinger* error is subject to harmless-error review, and then reviewing the facts of defendant's prior convictions to determine whether error was harmless); *United States v. Edwards*, 142 F.4th 1270, 1283–84 (11th Cir. 2025) (using the "whole record" to determine that *Erlinger* error did not affect the defendant's substantial rights under plain-error test).

discrete offenses." *Wooden v. United States*, 595 U.S. 360, 367 (2022). Reviewing for harmless error, we look to "the times, locations, purpose, and character" of Storey's prior crimes to determine whether there is any reasonable doubt that they occurred on different occasions. *See Rivers*, 134 F.4th at 1306–07 (citation omitted). "In many cases, a single factor—especially of time or place—can decisively differentiate occasions." *Wooden*, 595 U.S. at 370.

Storey's cocaine offenses clearly occurred on different occasions. As the Supreme Court has recognized, courts "have nearly always treated offenses as occurring on separate occasions if a person committed them a day or more apart." *Id.* Here, Storey's three predicate offenses are separated by years. He was first charged with selling cocaine on October 7, 1998, and convicted on June 22, 1999. After that conviction, he was arrested again for selling cocaine on January 3, 2000, and convicted on September 8, 2000. Finally, Storey was arrested for possessing cocaine on March 28, 2005, and convicted on October 28, 2005. "In law, as in life, it is usually not so difficult to identify an 'occasion,'" and from this evidence we have no difficulty concluding—beyond a reasonable doubt—that a jury would find Storey's convictions arose from different occasions. *Id.* The length of time between Storey's convictions "decisively differentiate[s]" them for the purposes of the Armed Career Criminal Act. *Id.*; *see also* 18 U.S.C. § 924(e).

Because Storey's cocaine offenses occurred on different occasions, the district court's *Erlinger* error was harmless. *See Graham*, 123 F.4th at 1272. Accordingly, we affirm as to this issue.

*Serious Drug Offenses*

Finally, Storey contends that his prior convictions were not "serious drug offenses" under the Armed Career Criminal Act because Florida had a broader definition of cocaine than the federal government at the time he was convicted. We disagree.

We evaluate Storey's contention under the categorical approach. *See Jackson*, 55 F.4th at 850. "[A] state conviction cannot serve as an [Armed Career Criminal Act] predicate offense if the state law under which the conviction occurred is categorically broader—that is, if it punishes more conduct—than [the Armed Career Criminal Act]'s definition of a 'serious drug offense.'" *Id.* We consider whether a prior conviction is categorically broader than a "serious drug offense" as defined under the Act by "compar[ing] the state law that defines [the] prior cocaine-related offenses with [the Act]'s definition of 'serious drug offense' to see whether the state crime is categorically broader than a 'serious drug offense.'" *Id.* (citation omitted). "[A] prior state drug conviction constitutes an [Armed Career Criminal Act] predicate if the drugs on the federal and state schedules matched when the state drug offense was committed." *Brown v. United States*, 602 U.S. 101, 119 (2024).

Three times, Storey was convicted of violating Florida Statutes section 893.13(1), which prohibits selling, manufacturing, delivering, or possessing with the intent to sell, manufacture, or deliver, cocaine. *See* Fla. Stat. § 893.13(1)(a) (1998); *id.* (2000); *id.* (2005). Between 1998 and 2005, Florida's definition of "controlled substance" covered "[c]ocaine or ecgonine, including any of their

stereoisomers, and any salt, compound, derivative, or preparation of cocaine or ecgonine." Fla. Stat. § 893.03(2)(a)(4) (1998); *id.* (2000); *id.* (2005).

At the same time, the Armed Career Criminal Act defined "serious drug offense" as "an offense under State law, involving manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance." 18 U.S.C. § 924(e)(2)(A)(ii) (1998); *id.* (2000); *id.* (2005). A "controlled substance" under the Act is a substance that's listed on the federal drug schedule. In 1998, 2000, and 2005, the federal drug schedule included "cocaine, its salts, optical and geometric isomers." 21 U.S.C. § 812 (1998); *id.* (2000); *id.* (2005); *see also id.* § 802(14) (1998); *id.* (2000); *id.* (2005).

Storey argues that Florida's statute is facially overbroad because it included stereoisomers of cocaine, while federal law only included geometric and optical isomers of cocaine. We've dealt with this argument before. *See United States v. Laines*, 69 F.4th 1221, 1233–34 (11th Cir. 2023). In *Laines*, we considered whether a defendant's prior Florida conviction for possessing cocaine with the intent to sell counted as a "serious drug offense" under the Armed Career Criminal Act enhancement. *Id.* at 1233. The *Laines* defendant was convicted under the same statute as Storey, and he made the same argument Storey does here about the overbreadth of Florida's statute compared to the federal drug schedule. *Id.*

In rejecting the argument, we explained that, based on our precedents, "a conviction under section 893.13(1) qualifies as a

22-11841                Opinion of the Court                13

'serious drug offense' under the Armed Career Criminal Act." *Id.* (citing *United States v. Travis Smith*, 775 F.3d 1262, 1268 (11th Cir. 2014); *United States v. Xavier Smith*, 983 F.3d 1213, 1223 (11th Cir. 2020)). We're bound by that reading of our precedents here even though *Laines* reviewed the overbreadth argument for plain error. That's because, like the *Laines* defendant, Storey "has identified no decision overruling or abrogating these precedents." *Id.*

That includes *Chamu v. United States Attorney General*, 23 F.4th 1325 (11th Cir. 2022). As we explained in *Laines*, "*Chamu* did not abrogate our precedents about a prior conviction under Florida Statutes section 893.13(1) qualifying as a 'serious drug offense' under the Armed Career Criminal Act." *See Laines*, 69 F.4th at 1234 (rejecting the argument that *Chamu* established "that the government ha[d] not yet met its burden to show" that the prior Florida conviction "qualifie[d] as a predicate offense [under the Armed Career Criminal Act]") (internal quotation omitted).

Because "[w]e have held that a conviction under section 893.13(1) qualifies as a 'serious drug offense' under the Armed Career Criminal Act," *id.* at 1233, and Storey had three prior cocaine convictions under section 893.13(1), we must affirm the district court's application of the Act to Storey's sentence.

**AFFIRMED.**